636 P.2d 95

Jack R. McLAWS and Charles L. McLaws, dba Navajo Concrete, a partnership, Appellees,

v.

Richard KRUGER, individually, and dba Richard Kruger Construction; Golden West Management, Inc., an Arizona Corporation; XYZ Partnership; John Does 1–5; Great Southwest Construction Company, an Arizona corporation; and Black Corporation, Appellants,

and

Yavapai Title Company, Garnishee-Defendant.

No. 15327.

Supreme Court of Arizona, In Division.

Oct. 22, 1981.

318

Johnson, Gardner & Hall by Raleigh W. Johnson, Holbrook, for appellees.

Charles Anthony Shaw, Prescott, for appellants.

GORDON, Justice:

This appeal is taken from a denial of defendant-appellant Kruger's motion to quash a writ of garnishment in the Superior Court of Navajo County. Taking jurisdiction pursuant to A.R.S. Const. Art. 6, § 5(3) and Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S., we affirm.

Appellant presents two issues for our determination: whether cash proceeds from the voluntary sale of a homestead are exempt from garnishment by seller's judgment creditor when the seller intends to reinvest the proceeds in a new homestead at the time of the sale of the original homesteaded property; whether substantial evidence was presented at an evidentiary hearing to negate the judgment debtor's intention to reinvest the proceeds from the sale of homesteaded property in a new homestead. Appellees raise a third issue wherein they question an appellate court's jurisdiction where notice of appeal is taken from a minute entry and not from a final judgment. The initial facts necessary to our decision follow.

Plaintiff-appellees, McLaws, obtained a judgment in a contract action against appellant-defendant, Kruger, on July 27, 1977. A writ of garnishment was issued against Yavapai-Title Company which was holding funds for appellant. These funds represented a portion of the proceeds from the appellant's sale of homesteaded property. On December 13, 1978, the trial judge denied appellant's motion to quash the writ.

Appellant filed a motion for a new trial and a request for an evidentiary hearing relating to the writ of garnishment. The request for the hearing was granted. On March 30, 1979, the trial court by minute entry reaffirmed its decision against the garnishee, Yavapai Title Company. On April 27th, appellant filed a notice of appeal from the March 30th minute entry. Subsequent to the appeal, on June 12th, a formal judgment was entered reaffirming the order denying the motion to quash the writ of garnishment.

■ This case was transferred to the Arizona Supreme Court pursuant to Arizona Rules of Civil Appellate Procedure [ARCAP], Rule 19(e). Prior to the transfer, appellee challenged appellate jurisdiction. The Court of Appeals, Division 1, denying the motion to dismiss for lack of jurisdiction stated:

"[T]hat under Rule 9(a) [Arizona] Rules of Civil Appellate Procedure, a notice of appeal filed after a minute entry order but before the entry of the formal judgment is timely * * *."

We agree with the Court of Appeals. In *Barassi v. Matison*, 130 Ariz. 418, 636 P.2d 1200 (1981), this Court addressed the issue of premature appeals and held that the language of ARCAP Rule 9(a)[1] could be interpreted as permitting an appeal from a minute entry prior to the final judgment. The language change of Rule 9(a) has resulted in an increased number of premature appeals this Court is asked to entertain. Although we have not dismissed for lack of jurisdiction an appeal relying on Rule 9(a) where the appellee has not been prejudiced, we reiterate that we do not encourage or approve of the practice of filing premature appeals. Further, we do not disturb the definitive cut-off date from which an appeal may be perfected as being 30 days after the entry of judgment. *Barassi, su-*

---

1. The Arizona Rules of Civil Appellate Procedure were promulgated in 1977 to be effective in all civil cases in which the Notice of Appeal was filed after January 1978. Rule 9(a) suggests a change from abrogated Rule 73(b), Arizona Rules of Civil Procedure, under which an appeal from a minute entry order was held fatally premature. *See Thomas v. Western Savings & Loan Association*, 6 Ariz.App. 511, 433 P.2d 1003 (1967).

*pra; Snell v. McCarty,* 130 Ariz. 315, 636 P.2d 93 (1981). ARCAP Rule 9(a); Rule 58(a), Arizona Rules of Civil Procedure. This Court has jurisdiction of the appeal.

■ Appellant maintains initially that the proceeds from the voluntary sale of real property which he declared as homestead are exempt from garnishment if he intended at the time of sale to reinvest them in another homestead. We disagree.

On November 25, 1977, appellant sold a piece of real property. Subsequent to the sale on December 13, 1977 appellant filed a declaration of homestead. He realized the sum of $1,971.64 from the sale which was being held by Yavapai Title Company. It is this sum which was garnished by appellees to satisfy their judgment in the contract action. Appellant filed an affidavit in support of a post-trial memorandum in which he stated that it had been his intention from the date of the sale to apply the proceeds to outstanding obligations associated with the purchase of a mobile home which appellant and his wife occupied as their personal residence and which was apparently to become the new homestead.

It is appellant's position that because the proceeds of the sale of the first property were to be used to pay off the debt on the second, they should be exempt from garnishment. We have held that

> " '[t]he law designates the species of property it exempts, and does not allow the debtor to choose for himself in respect to the kind or species of property to be exempted. To permit this would be to substitute the choice of the debtor for the provisions of the statute. When exempt property is voluntarily converted into money, or other property not also exempt by law, the right is gone.' " *Mack v. Boots,* 29 Ariz. 116, 118, 239 P. 794, 794 (1925) (citations omitted).

We believe this maxim holds equally true under the statutory scheme as it exists today.

The Arizona homestead exemption provides that any state resident over eighteen years of age, whether married or single, may hold land, a house or a mobile home as a homestead. A.R.S. § 33–1101. Furthermore, A.R.S. § 33–1103(A) provides that "[t]he homestead, from the date of recording the claim, is exempt from attachment, execution and forced sale, and from sale under a judgment or lien existing prior to recording the claim * * *." Pursuant to these statutes, then, the Krugers were entitled to declare a homestead on their property; had they not sold it, the property would be exempt from attachment.

The sale of the property, however, brings into play the statutes relating to personal property exemptions. Those statutes specifically delineate what forms of personal property are exempt from attachment by judgment creditors. *See* A.R.S. § 33–1121 et seq. Section 33–1126 deals specifically with exempted money proceeds but nowhere includes proceeds from the voluntary sale of homesteaded real property.

We agree with the trial court which believed that if the Legislature wished to include the proceeds of voluntary sales of homesteaded property, it would have done so in its 1976 revision of the homestead and personal property exemptions.

Accordingly, we affirm the holding of the trial court denying appellant's motion to quash the writ of garnishment. In light of our decision on this question, it is unnecessary for us to decide appellant's second issue on appeal.

STRUCKMEYER, C. J., and HOLOHAN, V. C. J., concur.