**In re Lynn Gail BLAIR, Debtor.**

**In re James Edward BLAIR, Debtor.**

**Bankruptcy Nos. 7–90–02200 M L, 7–90–02085 M L.**

United States Bankruptcy Court, D. New Mexico.

March 20, 1991.

Patricio S. Sanchez, Silver City, N.M., for James Blair.

Don Provencio, Albuquerque, N.M., for Lynn Blair.

Martin Meyers, Albuquerque, N.M., for trustee.

## MEMORANDUM OPINION

MARK B. McFEELEY, Chief Judge.

This matter came before the Court on the trustee's objection to Lynn Gail Blair's claim of exemption, filed September 28, 1990, and the trustee's objection to James Edward Blair's claim of exemption filed September 28, 1990. Because the facts and the issues of law are the same with relation to both debtors, the objections were heard at the same time. All parties agreed that the facts were not in dispute, and allowed the Court to decide the trustee's objections on the basis of briefs. Having reviewed

the briefs, the applicable law, and being otherwise fully informed and advised, the Court will sustain the trustee's objection to exemptions in both cases.

## FACTS

On January 3, 1990, Lynn Gail Blair and James Edward Blair were granted a divorce in Grant County, New Mexico. As part of an agreement to divide the community assets of the marriage, the court accepted a stipulation stating in part that, "[t]he parties shall cooperate in listing the community residence with a mutually agreed to real estate broker. The net from the sale of the real estate shall be shared equally between the parties. Lynn shall live in the house until it is sold." The house was then listed for sale.

An offer to purchase the house was received in mid-March 1990. Lynn Gail Blair was informed by the title company handling the sale of the house that on April 18, 1990, American National Bank of Silver City, New Mexico, filed a document entitled "Lis Pendens" with the County Clerk. Because of the *lis pendens*, the title company would not release the title. In order to obtain a release of the *lis pendens* so that the sale could go forward, Lynn Gail Blair agreed to assign and pledge the proceeds from the sale of the residence to American National Bank for a previously unsecured debt. The residence was sold on April 23, 1990, and the proceeds from the sale were segregated into two accounts with American National Bank in the form of certificates of deposit. The proceeds of the sale netted Lynn Gail Blair and James Edward Blair each $20,364.99. James Edward Blair filed a Chapter 7 bankruptcy on July 6, 1990. Lynn Gail Blair filed a Chapter 7 bankruptcy on July 17, 1990. Both debtors have claimed a homestead exemption pursuant to New Mexico law in the proceeds from the sale of the house represented by a certificate of deposit.

## DISCUSSION

The central issue before the Court is whether the debtors are entitled to an exemption in proceeds from the voluntary pre-petition sale of a homestead. The answer is no.

Exemptions are determined as of the date of filing the petition. 11 U.S.C. § 522(b)(2)(A), *In re Tardiff*, 38 B.R. 974 (Bankr.Me.1984). The debtors both claimed exemptions under New Mexico law. The homestead statute provides:

Each spouse, widow, widower or person who is supporting another person shall have exempt a homestead *in a dwelling house and land* occupied by him or in a dwelling house occupied by him although the dwelling is on land owned by another, provided that the dwelling is owned, leased or being purchased by the person claiming the exemption.

N.M.S.A. § 42–10–9 (1990 Cum.Supp.) (emphasis added). The house was sold on April 23, 1990. James Edward Blair, the first of the debtors to file, filed his chapter 7 petition on July 6, 1990. Therefore, it is clear that at the time the bankruptcy petition was filed, the debtors did not own a dwelling house and land to claim as exempt under the statute.

The debtors urge a liberal reading of the statute, citing to several New Mexico cases where the courts stated a policy of liberal construction in determining exemption statutes. *See, e.g., Ruybalid v. Segura*, 107 N.M. 660, 763 P.2d 369 (Ct.App.1988); and *Advance Loan Company v. Kovach*, 79 N.M. 509, 445 P.2d 386 (1968). The debtors argue that the certificates of deposit held by the American National Bank have the characteristics of a homestead exemption.

Many states' statutes specifically address proceeds from the sale of a homestead. There are different approaches. Some state statutes provide that a homestead exemption in proceeds will only be allowed if the proceeds are kept separate and then later used for a new homestead. Colo.Rev.Stat. § 38–41–207 (West 1982) (within one year); Ill.Ann.Stat. ch. 110, § 12–906 (Smith–Hurd 1984) (within one year); Iowa Code Ann. § 561.20 (West 1950) (no time stated); Me.Rev.Stat.Ann. tit. 14, § 4422(1)(C) (West Supp.1990) (6 months); Mo.Ann.Stat. § 513.515 (Vernon Supp.1991) (no time stated); Or.Rev.Stat.

§ 23.240(2) (Butterworth 1988) (one year); Wash.Rev.Code Ann. § 6.13.070(1). (West Supp.1990) (one year); and Wis.Stat.Ann. § 815.20(1) (West Supp.1990) (up to two years). Other states have homestead exemption statutes which contain no limitation that the proceeds be used to purchase a new homestead, stating only that the proceeds from a homestead are exempt for a specific period of time after the sale. Ariz.Rev.Stat.Ann. § 33–1101(C) (West 1990) (18 months); Cal.Civ.Proc.Code § 704.720 (West 1987) (6 months); Hawaii Rev.Stat. § 651–96 (Repl.1985) (6 months); N.Y.Civ.Prac.L. & R. § 5206(e) (McKinney 1978) (one year); Tex.Prop.Code Ann. § 41.001(c) (Vernon Supp.1991) (6 months); Utah Code Ann. § 78–23–3(5) (Michie Supp. 1990) (one year). The states which allow an exemption for proceeds from a voluntary sale of a homestead have made the allowance clear in their statutes. The inclusion of a provision dealing with proceeds is not a recent development in the law. One state, Iowa, has had the provision since at least 1950. The New Mexico legislature has had ample opportunity to address this issue, having amended the homestead exemption statute five times since 1971. It could have included a provision in the homestead exemption statute for proceeds from a voluntary sale if it had desired to do so. If the Court adopted the debtors' position, there would be an open-ended exemption on anything purchased with proceeds from the voluntary sale of a homestead. The Court will not rewrite the statute to provide for such an exemption.

Where states do not have a provision in the homestead statute dealing with proceeds from a voluntary sale, court decisions are divided. In *Orange Brevard Plumbing & Heating Co. v. Lacroix,* 137 So.2d 201 (Fla.1962), the court held that the proceeds of a voluntary sale of a homestead were exempt from the claims of creditors, just as the homestead was exempt, if the vendor showed by a preponderance of the evidence an abiding good faith intention prior to and at the time of the sale of the homestead to reinvest the proceeds thereof in another homestead within a reasonable time. An Arkansas court, interpreting its homestead exemption statute, held that when the owner of a homestead voluntarily sells the property, the proceeds of sale are not exempt. *Obenshain v. Obenshain,* 252 Ark. 701, 480 S.W.2d 567 (1972). In holding that the proceeds from a voluntary sale are not exempt, the Supreme Court of Arizona may have prompted the legislature to include a provision which states that such proceeds are exempt. The case, *McLaws v. Kruger,* held that proceeds from a voluntary sale of real property claimed as exempt were not exempt even if the vendor intended at the time to reinvest them in another homestead. 130 Ariz. 317, 636 P.2d 95 (1981). The court stated,

> the law designates the species of property it exempts, and does not allow the debtor to choose for himself in respect to the kind or species of property to be exempted. To permit this would be to substitute the choice of the debtor for the provisions of the statute. When exempt property is voluntarily converted into money, or other property not also exempt by law, the right is gone. We believe this maxim holds equally true under the statutory scheme as it exists today.

636 P.2d at 97 (citations omitted). The court went on to state that the statutes nowhere included provisions dealing with proceeds from the voluntary sale of homesteaded real property. *Id.* As previously noted, Arizona now has a statute which allows an exemption for proceeds received from the voluntary sale of homestead property. This Court agrees with the interpretation of state statutes which do not allow an exemption in proceeds from a voluntary sale of a homestead when the statutes do not specifically so provide.

The Court notes that it appears that the parties view these proceedings as being in the nature of a declaratory action, with the debtors seeking to have the Court declare that the certificates of deposit are property of the debtors and available to claim as exempt. An exemption may be claimed in property which the debtors hold, or, in certain circumstances, in property that the trustee may recover. For the debtors to

attempt to claim a homestead exemption in this case, two prerequisites would have to be met. First, the trustee would have to recover the proceeds for the estate.[1] Second, the transfer would have to have been an involuntary transfer of property by the debtors.[2] In this case, it appears that the debtors *voluntarily* transferred the proceeds of the sale of their home to the bank to serve as collateral for a loan.

The Court will sustain the objection of the trustee to the debtors' claims of homestead exemption. This memorandum opinion constitutes the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.

---

1. The trustee could attempt to recover the proceeds by filing a preference action in this Court.

2. [T]he debtor may exempt ... property that the trustee recovers ... to the extent that the debtor could have exempted such property ... if—

such transfer was not a voluntary transfer of such property by the debtor. 11 U.S.C. § 522(g)(1)(A).