1998-NMCA-008

951 P.2d 1066

MORGAN KEEGAN MORTGAGE
CO., Plaintiff,

v.

Juliette CANDELARIA, a/k/a Dolores
J. Candelaria, Defendant/Cross–
Defendant/Appellee,

and

New Mexico Educators Federal Credit
Union, Defendant/Cross–
Claimant/Appellant.

No. 17579.

Court of Appeals of New Mexico.

Sept. 16, 1997.

R. Russell Rager, Albuquerque, for Juliette Candelaria.

Will Jeffrey, Lynch, Printz, Aldridge & Grammer, P.A., Albuquerque, for New Mexico Educators Federal Credit Union.

## OPINION

APODACA, Judge.

1.  New Mexico Educators Federal Credit Union (Judgment Creditor) appeals the trial court's order allowing a homestead exemption to Juliette Candelaria (Mortgagor). Mortgagor was the owner óf real property against which Judgment Creditor held a transcript of judgment and Morgan Keegan Mortgage Co. (Mortgagee) held a first mortgage. On appeal, Judgment Creditor argues that the statute creating the exemption is unambiguous and does not apply to a private and voluntary sale of property to a third party during the pendency of foreclosure proceedings but before a judgment of foreclosure has been entered permitting a foreclosure sale. We disagree. Applying public policy principles that we believe the legislature considered when enacting the exemption statute, NMSA 1978, Section 42–10–9 (1979, prior to 1987 amendment), we hold that the trial court did not err in allowing the exemption to Mortgagor. We therefore affirm the trial court's order directing that the mortgage held by Mortgagee was satisfied and that the transcript of judgment held by Judgment Creditor was subject to the exemption and should be released.

## I. FACTUAL AND PROCEDURAL BACKGROUND

2. Mortgagee, which held a note and first mortgage against Mortgagor's home, filed a complaint for foreclosure against Mortgagor and Judgment Creditor. Mortgagee named Judgment Creditor as a defendant because Judgment Creditor held a transcript of judgment filed as a lien against Mortgagor's property.

3. Judgment Creditor cross-claimed against Mortgagor, seeking foreclosure of its transcript of judgment. In her answer, Mortgagor expressly claimed the homestead exemption. Mortgagee then filed a motion for summary judgment. Later, during the pendency of the foreclosure action, Mortgagor entered into a purchase agreement to sell the residence to a third party and filed a motion for a determination and court approval of the homestead exemption claimed in her answer. In this motion, Mortgagor specifically petitioned the trial court to apply the homestead exemption to the pending sale of her property on the open market before a foreclosure order was entered. The court granted Mortgagor's motion, determining that Mortgagor was entitled to a statutory homestead exemption of $20,000.00 against Judgment Creditor's judgment lien held against the property.

4. In so ruling, the trial court determined that: (1) Mortgagor's pending and privately negotiated sale of her property to a third party was not purely voluntary because it occurred during foreclosure proceedings, (2) public policy supported a voluntary sale pending foreclosure to maximize the debtor's return, and (3) the statutory homestead exemption was not expressly limited to proceeds from a special master's sale after foreclosure. Judgment Creditor appeals from this determination, claiming that the statutory language does not support it.

## II. DISCUSSION

5. Conclusions of law are reviewable on appeal. *See Edens v. New Mexico Health & Soc. Servs. Dep't*, 89 N.M. 60, 62, 547 P.2d 65, 67 (1976). Construction of a statute is an issue of law. *See Molina v. McQuinn*, 107 N.M. 384, 386–87, 758 P.2d 798, 800–01 (1988). We therefore review de novo the application of the statutory homestead exemption to Mortgagor's court-approved sale to a third-party purchaser. *See Western Bank of Las Cruces v. Malooly*, 119 N.M. 743, 748, 895 P.2d 265, 270 (Ct.App.1995) (appellate court reviews trial court's ruling on a question of law under a de novo standard).

6. We construe the 1979 version of Section 42–10–9 (Homestead Exemption) because it was in effect when Mortgagee filed its foreclosure proceedings against Mortgagor. That section provided in part:

> A married person, widow, widower or person who is supporting another person shall have exempt a homestead in a dwelling house and land occupied by him ... provided that the dwelling is owned, leased or being purchased by the person claiming the exemption. Such a person has a homestead of twenty thousand dollars ($20,000) exempt from attachment, execution or foreclosure by a judgment creditor, and from any proceeding of receivers or trustees in insolvency proceedings, and from executors or administrators in probate.

7. The purpose of a homestead exemption is to benefit the debtor. *See Ruybalid v. Segura*, 107 N.M. 660, 666, 763 P.2d 369, 375 (Ct.App.1988) (holding that support provision in the 1984 Homestead Exemption does not require parent to have legal custody of his children, be their sole supporter, or have children reside with him). Additionally, the homestead exemption is designed to help prevent people from becoming destitute as the result of unforeseen debts. *See Laughlin v. Lumbert*, 68 N.M. 351, 354, 362 P.2d 507, 509 (1961); *see also Hewatt v. Clark*, 44 N.M. 453, 457, 103 P.2d 646, 649 (1940) (holding that debtor may receive both exemption in lieu of homestead and exemption of portion of earnings). As remedial provisions, exemption statutes in New Mexico should be liberally construed. *See Ruybalid*, 107 N.M. at 666, 763 P.2d at 375; *see also Advance Loan Co. v. Kovach*, 79 N.M. 509, 512, 445 P.2d 386, 389 (1968) (affirming that debtor may receive both exemption from garnishment in lieu of homestead and exemption for

head of resident family); *Laughlin,* 68 N.M. at 354, 362 P.2d at 509 (holding that proceeds from sale of property held by special master and set aside for the debtor's homestead exemption were not subject to garnishment).

8. Prior to this appeal, our courts have not directly addressed whether the homestead exemption may be applied to a court-approved sale of property to a third-party purchaser during foreclosure proceedings. We hold that sound principles of statutory interpretation permit us to affirm allowance of the exemption under the specific facts of this case. We believe that application of the homestead exemption benefitted Mortgagor by giving her the opportunity to obtain a higher price for her property on the open market. Even though the language of the homestead exemption statute implicitly contemplates an eventual foreclosure sale, we determine that the court-approved sale of property during foreclosure proceedings provides comparable judicial supervision. *See* § 42–10–9.

■ 9. Additionally, as we previously noted, Mortgagor asserted the homestead exemption in her answer to the foreclosure suit in compliance with NMSA 1978, Section 39–4–15 (Repl.Pamp.1991). This statute requires a defendant to "set up his claim of exemption by answer in such foreclosure suit." *See id.; see also Speckner v. Riebold,* 86 N.M. 275, 278, 523 P.2d 10, 13 (1974) (denying homestead exemption to judgment debtors who did not assert exemption in answer to foreclosure suit); *USLife Title Ins. Co. v. Romero,* 98 N.M. 699, 703–04, 652 P.2d 249, 253–54 (Ct.App.1982) (denying homestead exemption to mortgagors who did not claim exemption in answers to foreclosure action).

10. In its answer brief, Judgment Creditor relies on *McLaws v.. Kruger,* 130 Ariz. 317, 636 P.2d 95 (1981), and *In re Blair,* 125 B.R. 303 (Bankr.D.N.M.1991). We believe that both of those cases are factually distinguishable from this appeal. In *McLaws,* the debtor filed a declaration of homestead after he sold the property. *See id.* 636 P.2d at 97. The sale of the property in *McLaws* also did not occur during foreclosure proceedings or with court approval, and the debtor sought

to apply the homestead exemption to the *proceeds* of his sale. Here, on the other hand, Mortgagor asserted the homestead exemption in her answer to the foreclosure suit. She also sought court approval of her anticipated sale during foreclosure proceedings. Likewise, these facts distinguish Mortgagor's case from *Blair.* In *Blair,* there was no foreclosure case pending, and debtors asserted the homestead exemption for the first time in the bankruptcy proceeding—nearly three months after the sale of the house. *See* 125 B.R. at 304.

11. With all due respect to the dissent, which does not focus on the specific issue presented to us by the parties, we disagree that our decision will result in unrecognized consequences. To the contrary, we believe that our resolution of this appeal aptly takes into account the spirit of the protections provided for under our foreclosure laws. We must first keep in mind the issue before us, as expressed by Judgment Creditor: whether "[t]he Trial Court erred in granting [Mortagor's] Motion for a Homestead Exemption as against the judgment lien of [Judgment Creditor] in the context of a sale to a purchaser." Neither in the trial court nor on appeal have any of the parties raised NMSA 1978, Sections 39–5–1 to –23 (1895, as amended through 1991) concerning sales under execution and foreclosure. Chapter 39, article 5 is inapplicable to this case because it applies to actual foreclosure sales. There was no foreclosure sale here. But even though chapter 39, article 5 is inapplicable, we believe its safeguards were implemented by the trial court. The court-approved sale of the property to a third party provided debtor and creditor protection measures corresponding to those found in chapter 39, article 5. The parties in this appeal only sought resolution of the homestead exemption's application, which Section 42–10–9 and cases interpreting that section specifically address. We believe the trial court below, and we on appeal, have directly and properly addressed that specific issue.

### III. CONCLUSION

■ 12. Based on a liberal construction of the statutory homestead exemption provi-

sions, as required by our case law, we hold that the exemption applies when: (1) the property owner has asserted the exemption in her answer to a foreclosure action, and (2) the property owner obtained judicial approval of the exemption before the sale of the property on the open market was consummated. Our holding serves the legislative purpose of the statute to benefit the debtor while providing judicial oversight of the sale. We therefore affirm the trial court's order allowing Mortgagor's homestead exemption against Judgment Creditor's transcript of judgment.

13. **IT IS SO ORDERED.**

BUSTAMANTE, J., concurs.

DONNELLY, J., dissents.

DONNELLY, Judge, dissenting.

14. I respectfully dissent from the Majority's opinion. As shown by the record, the Debtor defaulted in her payments to Morgan Keegan Mortgage Company and the Mortgagee filed foreclosure proceedings. The foreclosure action named New Mexico Educators Federal Credit Union (the Credit Union) as a defendant. The Credit Union filed an answer to the Mortgagee's complaint and filed a cross-claim for foreclosure of an outstanding judgment lien it had obtained against the Debtor.

15. During the pendency of the foreclosure proceeding, the Debtor asserted her right to a homestead exemption under NMSA 1978, Section 42-10-9 (1979). The Debtor also filed a motion seeking permission from the trial court to enter into a sale of the property to a third party whom she had privately negotiated with for sale of her realty. The third-party purchaser was a stranger to the foreclosure action and was not affiliated with any other party.

16. Over the Credit Union's objection, during the foreclosure action, the trial court permitted the Debtor to sell the realty involved in the foreclosure proceedings to a third party and to claim a homestead exemption out of the proceeds of the sale. The order allowing the exemption and authorizing the sale stated that a homestead exemption "should also be available to the debtor in a privately negotiated sale pending foreclosure proceedings." At the time the order authorizing the sale of the subject property to the third party was entered, there was no adjudication of the amounts claimed by the creditors, and no judgment of foreclosure was entered in favor of either the Mortgagee or the Credit Union. Nor have any judgments of foreclosure ever been entered. After approving the third-party sale, the trial court directed that a portion of the proceeds of the sale be applied to pay off the Mortgagee, that the Debtor's homestead exemption be authorized from the sale proceeds, and that the transcript of judgment sought to be foreclosed by the Credit Union be released.

17. The Credit Union does not dispute the legitimacy of the Debtor's right to a homestead exemption in the context of a foreclosure proceeding. The Credit Union, however, challenges the right of a debtor to claim a homestead exemption where a sale of the subject property occurs during the pendency of foreclosure proceedings and the sale is carried out other than through the conclusion of the foreclosure action.

18. The Credit Union argues that "there is no provision in the statute for the application of the Homestead Exemption in a situation where the sale is voluntary and the transaction is between a Seller and a Third-party Purchaser," and that an owner of real property "who is selling the property to avoid a foreclosure action [should not be] categorized as an 'involuntary seller.'"

19. The Majority, based on its determination that the homestead exemption should be liberally construed, reaches a decision that, I believe, will result in consequences beyond what the Court appears to recognize. Although conceding that our courts have not expressly addressed the question of whether a homestead exemption may be recognized in a situation involving a court-approved sale of property to a third-party purchaser during the pendency of foreclosure proceedings, the Majority nevertheless legitimizes such sale and the Debtor's claim of a homestead exemption out of the sale proceeds. This procedure is a marked departure from statutory

provisions governing mortgage foreclosure proceedings.

20. The trial court found that the third-party sale was "not purely a voluntary sale, but rather [was] a sale entered into ... during the pendency of the foreclosure action filed by [the Mortgagee] and the [Credit Union]." The trial court stated that "judicial policy should be to encourage a voluntary sale during the pendency of Court foreclosure actions in order to maximize the return to the [Debtor]." The difficulty with this approach is that allowance of the exemption, under the circumstances existing here, permits the Debtor to side-step legislative procedures designed to protect both debtors and creditors in mortgage foreclosure proceedings. *See* NMSA 1978, §§ 39–5–1 to –23 (1856–57, as amended through 1991); *see also* § 39–5–2 (declaring sales of property other than as prescribed by statute unlawful).

21. Once foreclosure proceedings are commenced and the Debtor has admitted the existence of the judgment lien asserted by the Credit Union (as is the case here), absent the consent of a party seeking foreclosure, a creditor is entitled to rely on the procedures and protections afforded by the mortgage foreclosure statutes. These protections include, among other things, adjudication of the merits of each creditor's claim, appraisal of the subject property, public notice of any sale, entry of an order of foreclosure, that the foreclosure sale be carried out by public sale, and the right of redemption. Most of these statutory provisions were absent here.

22. The Credit Union asserts that a sale carried out over its objection during the pendency of a foreclosure action, and prior to entry of an order of foreclosure, is one not contemplated by the legislature; hence, the exemption is not applicable. As pointed out by the Credit Union in its brief-in-chief:

> The [Mortgagee] and the Credit Union both filed Complaints in foreclosure against [the Debtor] and against the subject real property. Neither of the [foreclosure proceedings against the Debtor] ever reached the point of a Judgment or a judicial sale; the matter was resolved by a non-judicial sale. The Homestead Exemp-

tion statute was not intended to apply in the event that there was the *threat* or the *likelihood* of a foreclosure sale.... Rather, [the legislative intent was] that the Homestead Exemption would be available in the event that [foreclosure, attachment, execution or other legal action] reached its legal conclusion....

23. I would reverse the order allowing the exemption under the circumstances existing here.