# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 29,027**

**ANTHONY C.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

# MEMORANDUM OPINION

**CASTILLO, Judge.**

Child argues that the children's court imposed an illegal judgment and disposition following revocation of his probation. Specifically, Child argues that the

district court's imposition of a short-term commitment was not authorized by statute and was a violation of his right to due process and the federal constitutional ban on cruel and unusual punishment. We issued a calendar notice proposing summary affirmance on December 18, 2008. [Ct. App. file-yellow clip] Child filed a memorandum in opposition to our proposed summary disposition. We have considered Child's arguments and remain unpersuaded. We therefore affirm.

In this case, Child admitted to possession of less then an ounce of marijuana—a violation of the Controlled Substances Act—and was adjudicated delinquent. [DS 2; RP 22] The children's court placed Child on probation, and Child was required to attend residential drug treatment as a condition of probation. [DS 2; RP 27] Child then violated his probation by absconding from the treatment facility. [DS 2] Child admitted to the probation violation, and the children's court revoked his probation and imposed a short-term commitment of one year. [DS 3; RP 60, 66] Child argues that the district court lacked the statutory authority to impose a short-term commitment of one year. Child argues that because he was adjudicated delinquent solely on the basis of a violation of the Controlled Substances Act, he was only subject to probation and a six-month commitment. [MIO 4-7]

Under the Children's Code, when a Child adjudicated delinquent is found to have violated a term of his probation, "the court may extend the period of probation

2

or make any other judgment or disposition that would have been appropriate in the original disposition of the case." NMSA 1978, § 32A-2-24(B) (1993). The question then is whether under the Children's Code the court could have imposed a short-term commitment of one year when Child was originally adjudicated delinquent.

Interpretation of a statute is a question of law which an appellate court reviews de novo. *See Morgan Keegan Mortgage Co. v. Candelaria*, 1998-NMCA-008, ¶ 5, 124 N.M. 405, 951 P.2d 1066. NMSA 1978, Section 32A-2-19(B) (2005) provides that when a child is found to be a delinquent child within the meaning of the Code, the court may impose a fine and may enter judgment making any of the following dispositions for supervision, care and rehabilitation of the child: (1) a short-term commitment of no more than one year in a facility for the care and rehabilitation of adjudicated delinquent children, (2) a long-term commitment of no more than two years, (3) commitment to age twenty-one when the child had committed certain enumerated statutory offenses, (4) commitment to age twenty-one where the child is a youthful offender, (5) place the child on probation, (6) place the child in a local detention facility for no more than fifteen days. The statute gives the children's court discretion to order any of these dispositions subject to certain specified limitations. *See* § 32A-2-19(B).

Child argues that under Section 32A-2-19(B)(4), the district court did not have

the authority to impose a short-term commitment and could only transfer custody to CYFD for a period not to exceed six months. [MIO 6] We disagree.

Section 32A-2-19(B)(4) provides:

> [I]f a child is found to be delinquent solely on the basis of [a violation of the Controlled Substances Act], the court may make any disposition provided by this section and may enter its judgment placing the child on probation and, as a condition of probation, transfer custody of the child to the department for a period not to exceed six months without further order of the court; provided that this transfer shall not be made unless the court first determines that the department is able to provide or contract for adequate and appropriate treatment for the child and that the treatment is likely to be beneficial.

The plain language of the statute authorizes the children's court to make *any* disposition provided in Section 32A-2-19, which includes a short-term commitment of one year. *See* § 32A-2-19(B)(1)(a). The language in Section 32A-2-19(B)(4) only limits the children's court's ability to transfer custody to the department as a condition of probation to not more than six months when the child is delinquent solely on the basis of a violation of the Controlled Substances Act. Accordingly, it is a limit on Section 32A-2-19(B)(2), which generally gives the children's court broad discretion in setting terms and conditions of probation. Additionally, Section 32A-2-24(B), governing probation revocation in juvenile cases, states that, upon revocation of probation, the children's court is authorized to impose any judgment or disposition that would have been appropriate in the original disposition of the case. Because the

4

court could have imposed a short-term commitment in the original disposition, the judgment and disposition imposed upon revocation of Child's probation was authorized by the children's code.

We also reject Child's argument that imposition of a short-term commitment in this case violated his rights to due process and equal protection. [MIO 7-8] "Equal protection, both federal and state, guarantees that the government will treat individuals similarly situated in an equal manner." *Breen v. Carlsbad Municipal Schools*, 2005-NMSC-028, ¶ 7, 138 N.M. 331, 120 P.3d 413. Child argues that he is subject to restraints on his liberty that far exceed those which a similarly situated adult faces solely by reason of his status as a juvenile. [MIO 8] We understand Child to argue that the Section 32A-2-19(B) of the Children's Code, authorizing imposition of a one year commitment when a child is adjudicated delinquent for possession of marijuana, violates equal protection because an adult guilty of the same offense would be subject to at most fifteen days in jail under NMSA 1978, Section 30-31-23(B)(1) (2005).

"There are three levels of equal protection review based on the New Mexico Constitution: rational basis, intermediate scrutiny and strict scrutiny." *Breen*, 2005-NMSC-028, ¶ 11. The age classification in this case does not impact fundamental rights or create a suspect or sensitive classification. Accordingly, the proper level of scrutiny to be applied to Child's equal protection argument is rational

basis. *See id*. (stating that rational basis review applies to general social and economic legislation that does not affect a fundamental or important constitutional right or a suspect or sensitive class); *see also State v. Setser*, 1997-NMSC-004, ¶ 15, 122 N.M. 794, 932 P.2d 484 (applying rational basis review to the child's claim that a legislative age classification relating to admissibility of juvenile confessions was unconstitutional). "This standard of review is the most deferential to the constitutionality of the legislation and the burden is on the party challenging the legislation to prove that it 'is not rationally related to a legitimate government[al] purpose.'" *Breen,* 2005-NMSC-028, ¶ 11 (quoting *Wagner v. AGW Consultants*, 2005-NMSC-016, ¶ 12, 137 N.M. 734, 114 P.3d 1050).

Child made no argument, either in district court or on appeal, that a legislative decision to treat children who commit crimes differently than adults who commit crimes is not rationally related to a legitimate governmental purpose. Accordingly, Child did not properly develop an equal protection argument in district court, and we are unable to consider his equal protection challenge on appeal. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) ("We have long held that to present an issue on appeal for review, an appellant must submit argument and authority as required by rule."); *State v. Torres*, 2005-NMCA-070, ¶ 34, 137 N.M. 607, 113 P.3d 877 (stating that we will not address issues unsupported by argument

6

and authority). Similarly, Child has not developed an argument that the one-year commitment violated his right to due process. We therefore reject these arguments.

We also reject Child's argument that his one-year commitment is a violation of the constitutional ban on cruel and unusual punishment. Child argues that the one-year commitment was disproportionate to the crime involved because the disposition for his original offense was a term of probation and the disposition for violating a term of that probation was a one-year commitment. [MIO 8-9] However, as discussed above, upon revocation of probation the Children's Code authorizes the district court to make any disposition that would have been appropriate in the original disposition of the case. Section 32A-2-19(B)(1)(a) authorizes the district court to impose a short-term commitment for children adjudicated delinquent. Generally, imposition of lawful sentence is not cruel and unusual punishment. *See State v. Augustus*, 97 N.M. 100, 101, 637 P.2d 50, 51 (Ct. App. 1981).

For these reasons, we affirm the children's court's imposition of a one-year commitment.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**


_____
**RODERICK T. KENNEDY, Judge**