This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DAN ESTRADA,**

Worker-Appellee,

v.

**NO. 30,121**

**NEW MEXICO STATE LAND OFFICE and STATE OF NEW MEXICO RISK MANAGEMENT DIVISION,**

Employer/Insurer-Appellants.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Helen L. Stirling, Workers' Compensation Judge**

James Rawley
Albuquerque, NM

for Appellee

Paul L. Civerolo, L.L.P.
Paul L. Civerolo
Albuquerque, NM

for Appellants

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Employer/Insurer (Employer) appeals from the workers' compensation administration's (WCA's) compensation order, compensating Worker for his bilateral

hearing loss in both ears for 150 weeks. We issued a notice of proposed summary disposition, proposing to affirm. Worker has responded to our notice with a memorandum in support, and Employer has responded with memorandum in opposition. We have considered the parties' responses, and remain persuaded that the WCA did not err. We therefore affirm.

Employer argues that the WCA erred by ruling that Worker was entitled to 150 weeks of loss of use benefits based on his partial loss of hearing in both ears under NMSA 1978, Section 52-1-43(A)(43), (B) (2003) and NMSA 1978, Section 52-1-42(B) (1990). [DS 7-8; MIO 3-7; RP 116] Employer argues that, instead, Worker should have been entitled to forty weeks of loss of use benefits for his partial hearing loss for each ear, for a total of eighty weeks. [Id.]

Interpretation of a statute is a question of law which an appellate court reviews de novo. *Morgan Keegan Mortgage Co. v. Candelaria*, 1998-NMCA-008, ¶ 5, 124 N.M. 405, 951 P.2d 1066. Our goal in construing a statute is to give effect to legislative intent. *Key v. Chrysler Motors Corp.*, 121 N.M. 764, 768-69, 918 P.2d 350, 354-55 (1996), *aff'd in part, rev'd in part by* 2000-NMSC-010, 128 N.M. 739, 998 P.2d 575. "[W]hen presented with a question of statutory construction, we begin our analysis by examining the language utilized by the Legislature, as the text of the statute is the primary indicator of legislative intent." *Bishop v. Evangelical Good Samaritan Soc'y*, 2009-NMSC-036, ¶ 11, 146 N.M. 473, 212 P.3d 361. "We also consider the statutory subsection in reference to the statute as a whole and read the several sections together so that all parts are given effect." *Id.*

2

Section 52-1-43(A) contains a list of injuries "to specific body members" (which resulted in the loss of the body member or the loss of use thereof) and a corresponding number of weeks for which the worker is entitled to compensation benefits. The relevant injuries listed in Subsection A appear as follows:

(42) total deafness in one ear ........................ 40 weeks

(43) total deafness in both ears ....................... 150 weeks

Section 52-1-43(A)(42), (43). The statute also provides for the partial, rather than total loss "of the body members or physical functions listed in Subsection A." Section 52-1-43(B). "For a partial loss . . .[,] the worker shall receive compensation computed on the basis of the degree of such partial loss of use, payable for the number of weeks applicable to total loss or loss of use of that body member or physical function." Section 52-1-43(B).

There is no dispute that Worker suffers partial deafness in both ears. The WCA decided in favor of Worker's reading of the statute that, under Subsection (B), Worker is entitled to 150 weeks of benefits for his partial deafness in both ears, the physical function described in Subsection (A)(43). [RP 115-16] The WCA rejected Employer's argument that Worker is entitled to 40 weeks for each ear for the partial loss of deafness in each one. [Id.] The WCA reasoned that, if Employer were correct, then Subsection (A)(43) would be the only subsection to which 52-1-43(B) does not apply. [RP 116]

As we stated in our notice, the plain language of Subsection (B) applies to all injuries listed in Subsection (A), and there is no express indication from the

3

Legislature that it intended to treat deafness in both ears differently than all the other listed injuries. The Legislature's inclusion of deafness in both ears among the listed injuries contradicts Employer's interpretation of the statute that the injury of deafness in one ear should be used twice to calculate a partial loss of physical function. We read the statute to give effect to all its parts, *see Bishop*, 2009-NMSC-036, ¶ 11, and therefore, our notice proposed to construe the provision so that Subsection (B) applies to all the injuries listed in Subsection (A).

In response to our notice, Employer does not directly address our proposed analysis. Rather, Employer repeats its argument that seems to ignore the provisions of Subsection (B), providing for recovery for partial loss of use. [MIO 3-7] Employer continues to imply that Worker received a windfall from the loss of use rating and the loss of use benefits payable for 150 weeks, because his impairment rating for both ears was low, his daily activities were not impacted much from the injury, and he was able to return to work at his pre-accident job. [MIO 2-4] Employer does not challenge the factual basis for the loss of use rating on appeal, however, and focuses on the number of weeks for which worker will be compensated. That determination is a matter of statutory construction, and we are not persuaded by Employer's reading of the statute. Subsection (B) expressly states that the partial loss of use of the body members or the physical functions listed in Subsection (A) are "payable for the number of weeks applicable to total loss or loss of use of that body member or physical function." Section 52-1-43(B). We hold that Subsection (B) provides for partial deafness in both ears payable for 150 weeks as required by Subsection (A)(43).

We affirm.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**