This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GEORGE R. SCHWARTZ, M.D.,**

    Plaintiff-Appellant,

v.                                               **NO. 31,303**

**NEW MEXICO MEDICAL BOARD,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

George R. Schwartz, M.D.
Santa Fe, NM

Pro Se Appellant

Brennan & Sullivan, P.A.
James P. Sullivan
Frank D. Weissbarth
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

Plaintiff George Schwartz appeals the district court's grant of summary judgment in favor of Defendant New Mexico Medical Board (Board). We affirm.

**BACKGROUND**

The undisputed facts in this case are as follows. In July 2005, the Board issued a notice of contemplated action (NCA) against Schwartz stating that it had sufficient evidence to restrict, revoke, or suspend his medical license. The NCA alleged that Schwartz had failed to maintain adequate medical records for at least 55 patients, that he had obtained and could not account for over 1,000 doses of controlled substances, and that he was not justified in prescribing large amounts of controlled substances for certain patients.

A hearing was scheduled in mid-December that the Hearing Officer continued at Schwartz's request on the condition that Schwartz agree to cease prescribing all Schedule 2 and Schedule 3 drugs until the Board reached a final decision. At the subsequent public hearing on January 26, 2006, the Hearing Officer allowed the Board to amend the NCA to add allegations that Schwartz had continued to prescribe Schedule 2 drugs during the period of the continuance, which he later admitted to doing. On March 31, 2006, the Board entered its findings of fact, conclusions of law, and order (Decision) revoking Schwartz's license to practice medicine. Schwartz

appealed the Decision to the district court. The district court reversed the Board and found that it should have granted Schwartz additional continuances to retain counsel and remanded the matter for a new hearing.

After the case was remanded, but before a new hearing took place, Schwartz retained attorney Steve Aarons. Aarons and the Board's prosecutor negotiated an Agreed Order (Order) that Schwartz signed and the Board approved. The Order noted that the Board had entered a Decision revoking Schwartz's license to practice medicine and that, on appeal to the district court, the Decision was set aside as arbitrary and capricious, and remanded for another hearing where Schwartz would be afforded a fair opportunity to be represented by counsel. The Order also provided that Schwartz, after consulting with Aarons, agreed "to surrender [his] New Mexico license to practice medicine, and not to practice medicine or seek an active license to practice medicine anywhere in the United States, now or in the future[.]" Finally, Schwartz stated that he understood that the Order would be reported to the National Practitioner Data Bank and the Healthcare Integrity and Protection Data Bank.

It is the Board's usual and customary practice to allow the public access to NCAs, orders, and decisions through links on its website. Consistent with this practice, documents relating to Schwartz's licensing issues were available for inspection through the website within 24 to 48 hours after the documents were filed.

They include the NCA, Decision, various district court orders including the order reversing the Decision, and the Order. It is the posting of these documents that is the basis of the current lawsuit and appeal. That history is as follows.

On July 1, 2009, Schwartz filed a complaint in district court alleging claims for defamation and breach of contract arising out of the Order. The Board filed a motion to dismiss on the defamation claim and a motion for summary judgment on the contract claim. The district court granted the motion to dismiss but found that there was an issue of fact that precluded summary judgment on the breach of contract claim. Schwartz subsequently filed an amended complaint for breach of contract alleging that the breach resulted from the Board's publication of "damaging defamatory communications regarding Dr. Schwartz on the internet."

After discovery, the Board again moved for summary judgment. The district court held a hearing on the matter and, after requesting additional factual information from the Board—which Schwartz had an opportunity to respond to—the court granted the Board's motion. Schwartz filed a motion for reconsideration that was denied by written order. This appeal followed.

**DISCUSSION**

**Standard of Review**

4

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "An appeal from the grant of a motion for summary judgment presents a question of law and is reviewed de novo." *Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971. "All reasonable inferences are construed in favor of the non-moving party." *Id.* (internal quotation marks and citation omitted).

Before we turn to the issues in this case, we note that Schwartz's brief in chief fails, in large measure, to conform to the New Mexico Rules of Appellate Procedure. The brief fails to cite the record, and it fails to present the evidence as a whole. "Although pro se pleadings are viewed with tolerance, a pro se litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Newsome v. Farer*, 103 N.M. 415, 419, 708 P.2d 327, 331 (1985) (emphasis and citation omitted). Thus, in order to properly support a challenge to the district court's grant of summary judgment, the argument section of the brief in chief must include "citations to authorities, record proper, transcript of proceedings or exhibits relied on." Rule 12-213(A)(4) NMRA. This Court has no duty to review an argument that is not adequately developed. *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137

N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that relied on several factual assertions that were made without citation to the record). Further, where a party fails to cite any portion of the record to support its factual allegations, we need not consider its argument on appeal. *Santa Fe Exploration Co. v. Oil Conservation Comm'n*, 114 N.M. 103, 108, 835 P.2d 819, 824 (1992).

Although the deficiencies in Schwartz's brief make it difficult to address many of his assertions, we consider his arguments where we can. Schwartz raises four issues on appeal. He asserts that (1) the posting of the NCA, orders, and other papers on the Board's website violates the Order, and they are not public records subject to inspection; (2) the law of the case doctrine precluded the district court from granting summary judgment; (3) the settlement is illegal and arose from fraud in the inducement; and (4) the Order is not supported by consideration. We address each argument in turn.

**The Order Does Not Require the Board to Refrain From Making the Documents Public and Doing So Would Violate IPRA**

Although not entirely clear, Schwartz appears to be arguing that the Order he entered into with the Board contemplated that none of the documents from the proceedings against him would be made available to the public, that agreeing to do so does not violate the New Mexico Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2011), and that publication of the

6

documents itself is a violation of IPRA. We agree with the district court that nothing in the Order prohibits the Board from making the documents public and that the Board cannot agree to violate IPRA.

To the extent that Schwartz contends that the Order provides that the Board will not publish the documents relating to his licensing case on its website, we see nothing in the Order that supports this assertion. Schwartz's own attorney agreed that there is "nothing in that Order that says the Board is prevented from publicizing information about [Schwartz.]" Further, Schwartz does not direct us to any place in the Order that either supports his contention that records relating to the matter of his license will not be available to the public, nor does he point to any place in the record that raises an issue of material fact precluding the grant of summary judgment.

We note that the Board's March 31, 2006 Decision specifically stated that the documents created in the action were a public record pursuant to IPRA. Schwartz took no action against the Board for this assertion, never asked that it be addressed in the Order, and never requested that the administrative records be sealed during or after the hearings before the Board. We further note that the documents at issue were part of the record in the prior litigation and are part of the record in the case currently on appeal. We have found nothing in the record suggesting that Schwartz requested any court proceedings or documents in this matter or the prior litigation be sealed, and the

7

documents are therefore currently available for public inspection. *See* Rule LR1-208(A) NMRA (noting that the policy of the First Judicial District is to allow free public access to official court files for each case docketed and filed); *see also* Rule LR1-208(B) ("No court file, except those matters required by law to remain confidential, shall be ordered sealed from public inspection, except in extraordinary cases to be determined by the court[.]"); Rule 1-079(A) NMRA ("Court records are subject to public access unless sealed by order of the court or otherwise protected from disclosure under the provisions of this rule."). There is simply no basis for Schwartz's contention that the Board agreed not to publish the documents relating to his licensing case, particularly when the documents were—and continue to be—available for public inspection through avenues other than the Board's website.

We are also not persuaded by Schwartz's argument that the pleadings and orders filed in the Board's licensing proceeding are confidential under the Medical Practice Act (the Act), NMSA 1978, §§ 61-6-1 to -35 (1923, as amended through 2011), and that, as a result, the documents relating to his case should not have been made available for public inspection on the Board's website. Whether documents filed in a licensing case are public records subject to disclosure is a question of statutory interpretation. Statutory interpretation is a question of law that we review

8

de novo. *See Morgan Keegan Mortg. Co. v. Candelaria*, 1998-NMCA-008, ¶ 5, 124 N.M. 405, 951 P.2d 1066.

IPRA provides that "[e]very person has a right to inspect public records of this state." Section 14-2-1(A). Consistent with IPRA's policy that the public is entitled to the greatest possible information, the Board has adopted regulations that provide that certain records, including licensing information and disciplinary actions taken by the Board, will be available to the public on the internet. 16.10.1.9(C) NMAC (7/15/2001). In fact, like the Board, every professional licensing board that operates under the Uniform Licensing Act treats notices of contemplated action, motions and other pleadings, and board decisions as public records. Schwartz did not dispute this fact below and does not dispute it on appeal.

Instead, Schwartz's argument is premised on Section 61-6-34(B) of the Act that provides that "[a]ll written and oral communications made by any person to the board relating to actual and potential disciplinary action shall be confidential communications and are not public records for the purposes of [IPRA]." The Board's regulations similarly state that complaints, investigative reports, and legal opinions are confidential and shall not be disclosed. 16.10.1.9(D) NMAC. In this case, the Board posted a series of documents, including the Order, the NCA, and the two orders related to the NCA on its website. In keeping with confidentiality provisions of the

Act and its own regulations, our review of the record establishes that the Board never made any complaints or communications relating to potential disciplinary actions regarding Schwartz accessible on its website. We therefore conclude that the documents relating to Schwartz, and which were posted on the Board's website, were public records subject to public inspection. The district court properly granted summary judgment in favor of the Board.

**Law of the Case Doctrine**

The doctrine of law of the case "relates to litigation of the same issue recurring within the same suit." *Cordova v. Larsen*, 2004-NMCA-087, ¶ 10, 136 N.M. 87, 94 P.3d 830. "Under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes a binding precedent in successive stages of the same litigation." *Id.* (internal quotation marks and citation omitted). "The law of the case generally applies to questions of law, not 'purely fact' questions." *State ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶ 21, 145 N.M. 769, 205 P.3d 816. Our review of "[w]hether law of the case applies, as well as how it applies, are questions of law subject to de novo review." *Id.* ¶ 20.

Schwartz contends that Judge Hall's ruling denying the Board's motion for summary judgment on the breach of contract claim prevented Judge Singleton from considering the Board's second motion for summary judgment. We disagree. The

law of the case doctrine does not apply here. In the first motion for summary judgment—before any discovery was conducted—Judge Hall was asked to determine whether the Board had met its burden of proving that there were no material facts in dispute thereby entitling it to judgment as a matter of law. Based on the facts adduced at that time, Judge Hall orally held that the Board had not met its burden with respect to the breach of contract claim. The motion was therefore denied. The case proceeded, and the parties completed discovery. The Board then filed a second motion for summary judgment that included additional facts that were not before the district court on the Board's first motion. Further, at the district court's request, the Board filed a supplemental statement of undisputed material facts, which Schwartz did not respond to or refute in any way.

In *State ex rel. Udall v. Public Employees Retirement Board*, we stated that "[t]he grant or denial of a motion for summary judgment is an interlocutory order and, therefore, the district court could properly reconsider its previous ruling notwithstanding the fact that a different judge had issued that ruling." 118 N.M. 507, 510, 882 P.2d 548, 551 (Ct. App. 1994) (footnote and citation omitted), *rev'd on other grounds*, 120 N.M. 786, 907 P.2d 190 (1995). Although that case involved the constitutionality of a pension plan and did not have any factual issues to consider, the ruling is instructive. Here, issues of fact distinguish the two motions for summary

11

judgment. Accordingly, the law of the case doctrine has even less applicability, if any at all. We conclude that, although the district court denied the Board's first motion for summary judgment, when the Board renewed its motion and provided sufficient additional undisputed facts, it was entitled to summary judgment as a matter of law on Schwartz's breach of contract claim. The district court's judgment is affirmed.

**Legality of the Order**

Finally, we address Schwartz's last two related arguments. He asserts that the Order is illegal and that it arose from fraud in the inducement and, therefore, rescission of the contract is the equitable remedy. However, "[t]o preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987). "Where the record fails to indicate that an argument was presented to the court below, unless it is jurisdictional in nature, it will not be considered on appeal." *Id.* "It is well established in this state that theories, defenses, or other objections will not be considered when raised for the first time on appeal." *Wolfley v. Real Estate Comm'n*, 100 N.M. 187, 189, 668 P.2d 303, 305 (1983). Because Schwartz does not indicate where he raised this issue below and because we are unable to locate where it was preserved, we decline to address his arguments regarding fraudulent inducement here. *See In re Doe*, 98 N.M. 540, 541,

650 P.2d 824, 825 (1982) (noting that an appellate court should not reach issues that the parties have failed to raise).

**CONCLUSION**

For the reasons set forth above, we affirm the district court.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**