This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ALBERT SERRANO,**

    Worker-Appellant,

v.     **No. 33,922**

**LOS ALAMOS NATIONAL LAB and**
**CCMSI (TPA),**

    Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Leonard Padilla, Workers' Compensation Judge**

LeeAnn Ortiz
Albuquerque, NM

for Appellant

Camp Law, LLC
Minerva Camp, Esq.
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**FRY, Judge.**

{1}    Worker appeals the workers' compensation judge's (WCJ) compensation order

rating his permanent impairment at 13% as opposed to the 18% testified to by the health care provider. Worker argues that the WCJ erred in admitting an impairment evaluation report by Dr. Marjorie Eskay-Auerbach, who the WCJ determined was prohibited from testifying under NMSA 1978, Section 52-1-51(C) (2013) (stating that "[o]nly a health care provider who has treated the worker pursuant to [NMSA 1978, Section 52-1-49 (1990)] or the health care provider providing the independent medical examination pursuant to this section may offer testimony at any workers' compensation hearing concerning the particular injury in question"). Worker also argues that in the absence of Dr. Eskay-Auerbach's impairment evaluation report, the evidence before the WCJ only supports a determination that Worker's impairment rating is 18%. Because we agree with Worker that the report constitutes testimony under Section 52-1-51(C), we reverse.

{2}     Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of the case, we reserve discussion of the pertinent facts for our analysis.

**DISCUSSION**

**Worker Preserved His Argument Regarding Dr. Eskay-Auerbach's Opinions**

{3}     As an initial matter, we are unpersuaded by Employer's argument that Worker failed to preserve his argument regarding Dr. Eskay-Auerbach's report. While we acknowledge that Worker stipulated to the admission of Employer's exhibit that contained the report, we first note that the report was two pages among approximately

2

175 pages of an exhibit containing Worker's medical records. Furthermore, during argument at the hearing regarding the stipulation of exhibits, Worker specifically argued that he objected to any opinions of Dr. Eskay-Auerbach being admitted due to Section 52-1-51(C). Most importantly, once Worker became aware that the report was included in Employer's exhibits, Worker moved to strike the report. It is the WCJ's conclusion on Worker's motion to strike that Dr. Eskay-Auerbach's impairment evaluation report did not constitute testimony that we review in this Opinion. Accordingly, we conclude that Worker's argument was sufficiently preserved for appellate review. *Garcia v. Jeantette*, 2004-NMCA-004, ¶ 13, 134 N.M. 776, 82 P.3d 947 ("Although a reviewing court generally will not review a claim of error unless the appellant timely objected below, it will do so when the trial court addressed the untimely objection on the merits.").

**The District Court Erred in Denying Worker's Motion to Strike Dr. Eskay-Auerbach's Report**

{4}     Worker argues that the WCJ erred in admitting Dr. Eskay-Auerbach's report stating that Worker's permanent impairment rating should be 13%. The WCJ concluded in his order on Worker's motion to strike the report that although Dr. Eskay-Auerbach was prohibited from testifying under Section 52-1-51(C), her opinion regarding Worker's impairment rating did not "constitute testimony" and was therefore admissible. We review this issue de novo. *See Morgan Keegan Mortg. Co.*

3

*v. Candelaria*, 1998-NMCA-008, ¶ 5, 124 N.M. 405, 951 P.2d 1066 (stating that interpretation of a statute is a question of law which an appellate court reviews de novo).

{5}     Section 52-1-51(C) "limits testimony at the compensation hearing to a treating physician or a health care provider who has provided an independent medical examination pursuant to the Act." *Banks v. IMC Kalium Carlsbad Potash Co.*, 2003-NMSC-026, ¶ 28, 134 N.M. 421, 77 P.3d 1014. Regulations curtail the use of live testimony at the compensation hearing. *See* 11.4.4.12(F)(1) NMAC ("Live medical testimony shall not be permitted, except by an order of the judge."). Instead, the regulations provide that "[d]eposition testimony of authorized [health care providers] shall be admissible, in lieu of live testimony." 11.4.4.12 (G)(4) NMAC.

{6}     In this case, the WCJ found that Dr. Eskay-Auerbach was neither a treating physician nor a health care provider authorized to administer an independent medical evaluation. The WCJ therefore concluded that Dr. Eskay-Auerbach's deposition, and the opinions contained therein, were inadmissible under Section 52-1-51(C). The WCJ erred, however, in not extending this same rationale to Dr. Eskay-Auerbach's impairment evaluation report. In *Jurado v. Levi Strauss & Co.*, this Court rejected the argument that because a doctor's impairment evaluation report was in written form it did not constitute testimony. 1995-NMCA-129, ¶¶ 21-24, 120 N.M. 801, 907 P.2d

4

205. Because the doctor's impairment evaluation report constituted testimony, it was subject to Section 52-1-51(C)'s requirement that the health care provider be either a treating physician or authorized to administer an independent medical evaluation. *Jurado*, 1995-NMCA-129, ¶ 24. Accordingly, because Dr. Eskay-Auerbach was prohibited from testifying under Section 52-1-51(C), her impairment evaluation report was likewise inadmissible.

{7}     Furthermore, we are unpersuaded by Employer's argument that the report does not constitute an opinion covered by Section 52-1-51(C). The statute restricts which health care providers can provide testimony "concerning the particular injury in question." *Id.* Dr. Eskay-Auerbach's impairment evaluation report states that "to a reasonable degree of medical probability," Worker's impairment rating should be classified as a 13% impairment. Similarly, in Employer's proposed findings of fact and conclusions of law, Employer refers to the report in stating that "[t]he *medical opinions* of Dr. Eskay-Auerbach were admitted into evidence" by the stipulation of Worker to Employer's exhibits. It can hardly be said that the impairment evaluation report is not then an opinion by a health care provider "concerning the particular injury in question." *Id.*

{8}     In sum, Worker preserved his argument that any opinions by Dr. Eskay-Auerbach were inadmissible under Section 52-1-51(C), notwithstanding his apparent

stipulation to Employer's exhibits. Because the WCJ erred in concluding that the impairment evaluation was not testimony and relied on Dr. Eskay-Auerbach's opinion in determining Worker's permanent impairment rating, we reverse the WCJ's compensation order.

**Substantial Evidence**

{9}     Worker argues that in the event we conclude that it was improper for the WCJ to consider Dr. Eskay-Auerbach's impairment evaluation, substantial evidence supports the conclusion that Worker's permanent impairment rating is 18%. The WCJ did not make such a finding below in order to allow this Court to review whether substantial evidence supported such a finding. While we cannot make this determination, Worker is entitled to pursue this argument on remand.

**CONCLUSION**

{10}     For the foregoing reasons, we reverse the WCJ's compensation order and remand for proceedings consistent with this Opinion.

{11}     **IT IS SO ORDERED.**


_____

**CYNTHIA A. FRY, Judge**


**WE CONCUR:**

6

_____

**JONATHAN B. SUTIN, Judge**


_____

**LINDA M. VANZI, Judge**