636 P.2d 93

**Rachel Atwood SNELL, Trustee of an Express Trust, Appellant,**

v.

**Charles D. McCARTY and Mary R. McCarty; Great Western Bank, an Arizona corporation; Shearson Hayden Stone, Inc., a New York corporation, and Michael Levy and Ellen Levy, Appellees.**

**No. 15421–PR.**

Supreme Court of Arizona,
In Banc.

Oct. 22, 1981.

Rachel Atwood Snell, in pro. per.

Charles D. McCarty, Tucson, for appellees McCarty and Great Western Bank & Trust.

Miller, Pitt & Feldman by Gerald Maltz, Tucson, for appellee Shearson.

Schorr, Leonard & Felker by Franklin O. Eldridge, Tucson, for appellee Levy.

GORDON, Justice:

The issue in this case is if an appeal after a minute entry order granting the defendant-appellees' motion to dismiss but prior to the procurement of Rule 54(b), Rules of Civil Procedure[1] determination and judgment will vest jurisdiction in the appellate court. The Court of Appeals dismissed, as premature, the appeal from the minute entry and denied a Motion for Rehearing. This Court, granting appellant's petition for review pursuant to Rule 23, Rules of Civil Appellate Procedure, vacates the order of dismissal and reinstates the appeal for consideration of the merits. The facts necessary for the determination of this matter follow.

On April 2, 1980, plaintiff-appellant filed a complaint against five individuals, Gamble, McCarty, Great Western Bank, Levy, and Shearson Hayden Stone (a stock brokerage firm). All of the appellees were properly served. Gamble answered the complaint on May 9, 1980. The remaining defendants filed motions to dismiss on various grounds. On May 19, 1980 all the parties in the action, except Gamble, attended a hearing. The minute entry from that hearing reads:

"IT IS ORDERED that Motions of Defendants Shearson Hayden Stone, Levy, McCarty, and Great Western Bank to dismiss are granted."

Defendant Gamble did not file a motion to dismiss nor was he included in the minute entry. On May 23, 1980 appellant filed an appeal. On May 29, 1980 a Rule 54(b) determination was made as to the four moving defendant-appellees, and judgment was entered on May 30, 1980.

The Court of Appeals dismissed the appeal for lack of jurisdiction noting that a premature filing of the notice of appeal from the minute entry did not work to perfect an appeal. *See Thomas v. Western Savings & Loan Association*, 6 Ariz.App. 511, 433 P.2d 1003 (1967).

On March 6, 1981 appellant argued in a Motion for Rehearing that her appeal should not be dismissed as premature because she had relied on "3.3.1.1"[2] and Rule 9(a), Arizona Rules of Civil Appellate Procedure [ARCAP],

"which represents a change from abrogated R.Civ.P. [73(b)] under which an appeal was premature if notice was filed prior to entry of judgment. [Citation omitted.] Therefore, a notice of appeal filed after a minute entry order but before entry of judgment is now timely."

■ This Court has addressed the issue of premature appeals from minute entries in *Barassi v. Matison*, 130 Ariz. 418, 636 P.2d 1200 (1981). In *Barassi* we recognized that the change in 1977 of the wording of ARCAP 9(a) could be interpreted as permitting the filing of appeals from minute entries as the Arizona Appellate Handbook indicates. Therefore, appellant's notice of appeal from a minute entry was not fatally premature.

---

1. "54(b) *Judgment upon multiple claims or involving multiple parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties."

2. The reference to "3.3.1.1" is presumably a cite to the Arizona Appellate Handbook [AAH] § 3.3.1.1, 1979 revision. Subsequent to appellant's appeal, in 1981 this section of the AAH was again revised.

The question presently raised was answered in *Barassi*, except for the added factor of the necessity of a Rule 54(b) determination. But because a Rule 54(b) determination was obtained and a judgment entered in this action, the substantive issue in this case is conceptually identical to the one in *Barassi*. It follows, then, that the reasoning of *Barassi* applies in the instant case. The rationale of requiring appeals to be filed timely is to insure that the appellees are given notice of and time to prepare for the appeal. Appellees were given notice of appellant's appeal and the record does not indicate that they were prejudiced by the premature filing. Appellant relied on a plausible reading of ARCAP 9(a) and its interpretation by the AAH. Appellant's appeal should not be dismissed for this understandable reliance. ARCAP 3 states, "These rules shall be liberally construed in the furtherance of justice." Therefore, we will not dismiss a premature appeal from a minute entry order in a multi-party action in which there was no prejudice and in which a subsequent Rule 54(b) determination was made and a judgment was entered over which appellate jurisdiction may be exercised.

This Court emphasizes that an appropriate Rule 54(b) determination is required in multi-party actions without which there is no final judgment on which to base appellate jurisdiction. *See Pulaski v. Perkins*, 127 Ariz. 216, 619 P.2d 488 (App.1980); *Connolly v. Great Basin Insurance Co.*, 5 Ariz.App. 117, 423 P.2d 732 (1967).

This Court further cautions, as it did in *Barassi*, that it does not approve of the practice of filing premature appeals. The appellant in the present action *should have* filed her appeal in the 30 days after the May 30, 1980 judgment.

We vacate the Court of Appeal's order of dismissal and reinstate the appeal for consideration of the merits.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.