No. 93,044

UNIVERSAL PREMIUM ACCEPTANCE CORPORATION, *Appellant*, v.
PAT CITY LIVERY, INC., and LCIA INSURANCE, INC., *Appellee*.

Opinion filed
June 17, 2005.

*Keith J. Shuttleworth*, of Cohen McNeile Pappas & Shuttleworth, P.C., of Leawood, for appellant.

*Michael B. Lowe* and *Christopher J. Sherman*, of Payne & Jones, Chartered, of Overland Park, for appellee.

Before MARQUARDT, P.J., ELLIOTT and GREEN, JJ.

ELLIOTT, J.: Universal Premium Acceptance Corporation (UPAC) appeals the trial court's grant of summary judgment to defendant LCIA Insurance, Inc. UPAC further argues we have jurisdiction to entertain this appeal. We dismiss.

The history of this litigation is not particularly relevant. Suffice it to say, UPAC moved for partial summary judgment in February 2004 and later withdrew that motion; LCIA filed a cross-motion for summary judgment. On July 13, 2004, the trial court granted LCIA's motion for summary judgment and mailed a copy of its opinion to counsel for UPAC and LCIA the same day.

On August 6, 2004, UPAC voluntarily dismissed Pat City Livery, Inc., (Pat City) as a party to the proceedings, and on August 19, 2004, UPAC filed its notice of appeal. Obviously, this appeal centers on the question of whether UPAC's notice of appeal was timely.

LCIA claims UPAC's notice of appeal was untimely and, therefore, we lack jurisdiction to decide the appeal. Whether jurisdiction exists is a question of law over which we have unlimited review. *State v. James*, 276 Kan. 737, 744, 79 P.3d 169 (2003).

UPAC claims its notice of appeal was timely filed, arguing the trial court granted summary judgment in favor of LCIA but made no reference to its claim against Pat City which had not been served. UPAC further claims because it later dismissed Pat City and filed its notice of appeal within 30 days of the dismissal, the appeal is timely under K.S.A. 2004 Supp. 60-2103(a).

LCIA, not surprisingly, claims Pat City was never a party to the suit and, therefore, UPAC's notice of appeal was not filed within 30 days of the trial court's final decision.

In Kansas, the right to appeal is entirely statutory. Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limits and in the manner prescribed by statute. *Butler County R.W.D. No. 8 v. Yates*, 275 Kan. 291, 299, 64 P.3d 357 (2003).

In the present case, the appeal must have been filed within 30 days from the entry of judgment. See K.S.A. 2004 Supp. 60-2103(a). Judgment is entered when a journal entry or judgment form is filed. K.S.A. 60-258.

We have found no Kansas case addressing the effect of an unserved party on a judgment related to a served party. Federal courts, however, have spoken on the issue of the finality of such a judgment.

Generally, those courts have held the judgments are final as to all parties before the court and are therefore appealable. See, *e.g.*, *Fed. Sav. & Loan Ins. v. Tullos-Pierremont*, 894 F.2d 1469, 1472-76 (5th Cir. 1990) (judgment rendered to all served defendants is final although unserved parties remain); *Cooper v. Pickett*, 122 F.3d 1186, 1191-92 (9th Cir. 1997) (if action is dismissed as to all served defendants and only unserved defendants remain, order is final for purposes of perfecting appeal); *Nagle v. Lee*, 807 F.2d 435, 438 (5th Cir. 1987) (when no service obtained on one defendant, that defendant was never a party to the suit); *Insinga v. LaBella*, 817 F.2d 1469, 1470 (11th Cir. 1987) (where final judgment entered as to all defendants served and only unserved defendants remain, order considered final for purposes of appeal).

The question then is whether UPAC commenced a lawsuit against Pat City. Pursuant to K.S.A. 60-203, an action is com-

menced when a petition is filed so long as service is obtained within 90 days. If service is not obtained within 90 days, the action is deemed commenced when service occurs. K.S.A. 60-203(a)(2); *Lindenman v. Umscheid*, 255 Kan. 610, 632, 875 P.2d 964 (1994).

In the present case, the action was commenced only against LCIA because Pat City was never served. Accordingly, there was only one defendant in the pending suit in that court, not two. The judgment in favor of LCIA resolved all claims as to all parties to the case.

UPAC's reliance on *Crockett v. Medicalodges, Inc.*, 247 Kan. 433, 799 P.2d 1022 (1990), is misplaced. There, both defendants were present and involved in the case, and thus served.

In the present case, UPAC's notice of appeal was untimely. See K.S.A. 2004 Supp. 60-206(e); *Danes v. St. David's Episcopal Church*, 242 Kan. 822, 825-26, 752 P.2d 653 (1988).

We adopt the federal court cases with respect to unserved parties. Here, UPAC's notice of appeal was filed 37 days after the judgment.

The appeal is dismissed. See *State v. Verge*, 272 Kan. 501, 521, 34 P.3d 449 (2001).

Appeal dismissed.