296 P.3d 1011

**John P. BAKER, Plaintiff/Appellant,**

v.

**Deputy Warden BRADLEY; CO IV Basurto; and Anne Reeder, Defendants/Appellees.**

**No. 1 CA–CV 11–0389.**

Court of Appeals of Arizona, Division 1, Department M.

March 5, 2013.

John P. Baker, Buckeye, In Propria Persona.

Thomas C. Horne, Attorney General By Paul E. Carter, Assistant Attorney General, Tucson, Attorneys for Defendants/Appellees.

## OPINION

GEMMILL, Judge.

¶ 1 We address in this opinion the continuing problem of whether a premature notice of appeal has triggered this court's appellate jurisdiction. Plaintiff John P. Baker, an inmate in the Arizona Department of Corrections ("ADOC"), appeals the superior court's dismissal of his complaint. Baker filed a

notice of appeal prior to the superior court's entry of final judgment and did not file a new or amended notice of appeal after final judgment. In the exercise of our independent duty to examine our jurisdiction, we have had the issue of our jurisdiction under advisement.

¶ 2 For the reasons explained herein, we have determined, on a two-to-one vote, that the *"Barassi* exception"—created by the Arizona Supreme Court in 1981—is applicable here and this court has jurisdiction over this appeal. *See Barassi v. Matison,* 130 Ariz. 418, 421–22, 636 P.2d 1200, 1203–04 (1981). Our dissenting colleague concludes that we have no jurisdiction because the *Barassi* exception does not apply.

¶ 3 We publish this opinion because this court frequently grapples with the question of when premature notices of appeal are sufficient to vest jurisdiction in our court. We continue to dismiss a number of appeals for lack of appellate jurisdiction because of premature notices of appeal. *See, e.g., Fields v. Oates,* 230 Ariz. 411, 286 P.3d 160 (App. 2012); *Ghadimi v. Soraya,* 230 Ariz. 621, 285 P.3d 969 (App.2012); *Santee v. Mesa Airlines, Inc.,* 229 Ariz. 88, 270 P.3d 915 (App. 2012). By publishing this opinion, we hope to shed some light on this subject and to invite the Arizona Supreme Court to further clarify, if necessary, when premature notices of appeal will successfully invoke appellate jurisdiction.

## BACKGROUND

¶ 4 In October 2010, Baker filed his complaint in superior court alleging civil rights violations against ADOC employees, Deputy Warden Bradley and Correctional Officer Basurto, and former ADOC employee, Anne Reeder. Baker alleged violations of his constitutional rights and sought injunctive relief and damages. In January 2011, Baker requested an extension of time to serve the defendants. Shortly thereafter, Bradley and Basurto waived service of process, and the court granted Baker an extension until May 18, 2011, to serve Reeder.

¶ 5 In February 2011, Bradley and Basurto moved to dismiss Baker's complaint on multiple grounds. In the motion, defendants requested attorneys' fees and costs pursuant to 42 U.S.C. § 1988 (2006). In March 2011, Baker filed a motion for deferral of the cost of service of defendant Reeder by publication, which the court granted in an order entered March 14, 2011.

¶ 6 In an unsigned minute entry entered on April 22, 2011, the superior court granted Bradley and Basurto's motion to dismiss. Baker's notice of appeal is signed and dated as of May 12, 2011,[1] stating his intention to appeal from the dismissal granted in the April 22 minute entry.

¶ 7 Bradley and Basurto lodged a form of judgment on May 17, 2011, and did not seek an award of attorneys' fees. Baker did not file any documentation indicating he had served process on Reeder, and she did not enter an appearance. On June 10, 2011, the superior court entered a signed judgment dismissing the action with prejudice. The judgment does not mention attorneys' fees or costs. Baker did not file a new or amended notice of appeal after entry of the signed judgment.

## ANALYSIS

¶ 8 This court has an independent duty to determine whether it has jurisdiction over an appeal. *Fields,* 230 Ariz. at 413, ¶ 7,

---

1. Although Baker's notice of appeal was physically filed in superior court on May 16, 2011, the notice is dated and signed by Baker on May 12. Under the prisoner mailbox rule, "a pro se prisoner is deemed to have filed his notice of appeal at the time it is delivered, properly addressed, to the proper prison authorities to be forwarded to the clerk of the superior court." *Mayer v. State,* 184 Ariz. 242, 245, 908 P.2d 56, 59 (App.1995). *See also State v. Goracke,* 210 Ariz. 20, 23, ¶ 13, 106 P.3d 1035, 1038 (App.2005) (extending the prisoner mailbox rule to petitions for review).

Therefore, Baker's notice of appeal should be deemed to have been filed on the day he delivered the notice of appeal to prison authorities to be forwarded to superior court. Baker may have tendered his notice of appeal to prison authorities on May 12 for transmittal to the superior court. Although the record does not reveal the precise date, we are able to resolve the issues presented herein without determining the exact date. For ease of reference in this opinion, we will use May 12 as the filing date of the notice of appeal.

286 P.3d at 162; *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465, 957 P.2d 1007, 1008 (App.1997). Our jurisdiction is defined by statute, and we must dismiss an appeal over which we lack jurisdiction. *Robinson v. Kay*, 225 Ariz. 191, 192, ¶ 4, 236 P.3d 418, 419 (App.2010).

■ ¶ 9 Generally, this court's jurisdiction is limited to appeals from final judgments which dispose of all claims and parties. *Garza v. Swift Transp. Co.*, 222 Ariz. 281, 284, 213 P.3d 1008, 1011 (2009); A.R.S § 12–2101(A)(1) (Supp.2012). In a civil case, a notice of appeal must be filed within 30 days after entry of the judgment being appealed. ARCAP 9(a). All judgments must be in writing and signed by a judge, and entry occurs when the judgment is filed with the clerk. Ariz. R. Civ. P. ("Rule") 58(a).

■ ¶ 10 In *Barassi*, our supreme court addressed jurisdiction over premature notices of appeal. The appellants in *Barassi* filed a notice of appeal from an unsigned minute entry order denying their motion for new trial. 130 Ariz. at 419, 636 P.2d at 1201. Analyzing Arizona Rule of Civil Appellate Procedure 9(a) and Rule 58(a), the court held that "a premature appeal from a minute entry order in which no appellee was prejudiced and in which a subsequent final judgment was entered over which jurisdiction may be exercised need not be dismissed." *Id.* at 422, 636 P.2d at 1204. The court emphasized, however, that appeals will be dismissed for lack of jurisdiction when a litigant attempts to appeal when "a motion is *still pending* in the trial court or where there is no final judgment." *Id.*

■ ¶ 11 Subsequent cases have recognized the limited extent of the exception announced in *Barassi*. *See, e.g., Craig v. Craig*, 227 Ariz. 105, 107, ¶ 13, 253 P.3d 624, 626 (2011); *Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, 415, ¶ 37, 132 P.3d 1187, 1195 (2006); *Engel v. Landman*, 221 Ariz. 504, 508–09, ¶¶ 11–14, 212 P.3d 842, 846–47 (App.2009). In *Craig*, the parties filed a notice of appeal and notice of cross-appeal while a motion for new trial was pending. After the superior court denied the motion for new trial, the parties did not file amended or new notices of appeal or cross-appeal. *Craig*, 227 Ariz. at 105, ¶ 2, 253 P.3d at 624. In affirming this court's decision to dismiss the appeal for lack of jurisdiction, our supreme court explained that *Barassi* is limited to situations in which a notice of appeal is filed "after the trial court has made its final decision, but before it has entered a formal judgment, if no decision of the court could change and the only remaining task is merely ministerial." *Id.* at 107, ¶ 13, 253 P.3d at 626 (quoting *Smith*, 212 Ariz. at 415, ¶ 37, 132 P.3d at 1195). "In *all* other cases, a notice of appeal filed in the absence of a final judgment, or while any party's time-extending motion is pending before the trial court, is 'ineffective' and a nullity." *Craig*, 227 Ariz. at 107, ¶ 13, 253 P.3d at 626 (citing *Smith*, 212 Ariz. at 415, ¶ 39, 132 P.3d at 1195).

■ ¶ 12 We note initially that Baker's May 12 notice of appeal was premature. The April 22 minute entry from which Baker appeals is not a "final judgment" because it is not signed and does not purport to enter judgment or dismiss the action. *Cf. Focal Point, Inc. v. Court of Appeals*, 149 Ariz. 128, 129, 717 P.2d 432, 433 (1986) (holding that a minute entry can constitute a final judgment only if it is signed by a judge and filed with the clerk); *Haywood Sec., Inc. v. Ehrlich*, 214 Ariz. 114, 116–17, ¶ 14, 149 P.3d 738, 740–41 (2007) (noting the importance of a judge's intent in determining whether the requirements of Rule 58(a) have been met).

■ ¶ 13 Because Baker's notice of appeal was premature and he did not file a new or amended notice of appeal after the June 10 entry of final judgment, his appeal is untimely unless the *Barassi* exception applies to allow the premature notice of appeal to invoke our jurisdiction. In accordance with *Craig* and *Smith*, we must consider whether the trial court's April 22 minute entry "could change" and if "any remaining [judicial] task is merely ministerial." *Craig*, 227 Ariz. at 107, ¶¶ 12–13, 253 P.3d at 626; *Smith*, 212 Ariz. at 415, ¶ 37, 132 P.3d at 1195. We acknowledge some difficulty applying this particular language used by our supreme court, because a minute entry by its very nature always can be amended or re-

voked prior to final judgment. *See Reid v. Reid,* 20 Ariz.App. 220, 221, 511 P.2d 664, 665 (1973) (explaining that an unsigned minute entry is not a judgment and the court can alter the rulings contained therein prior to or at time of entry of the final judgment); see *also Stevens v. Mehagian's Home Furnishings, Inc.,* 90 Ariz. 42, 45, 365 P.2d 208, 210 (1961) (confirming that even a signed judgment that does not adjudicate all claims and does not have Rule 54(b) language is subject to modification at any time before entry of the final judgment); Rule 54(b) (absent language of finality, a judgment that does not determine all claims is not final and the "decision is subject to revision at any time before entry of judgment adjudicating all the claims and the rights and liabilities of all the parties").

¶ 14 If we were to apply the language from *Craig* and *Smith* literally—to mean that the *Barassi* exception applies only "if no decision of the court could change"—this would essentially eliminate the *Barassi* exception for notices of appeal filed prematurely after a minute entry but before final judgment, because the minute entry always "could" be changed prior to final judgment. We have considered whether the supreme court may have intended to limit the *Barassi* exception to the post-judgment context, because of this language from *Craig* and *Smith* ("if no decision of the court could change") and also because many of the leading cases on the *Barassi* exception address post-judgment motions and notices of appeal. *See, e.g., Barassi,* 130 Ariz. at 419, 636 P.2d at 1201, *Baumann v. Tuton,* 180 Ariz. 370, 371, 884 P.2d 256, 257 (App. 1994); *Performance Funding, LLC v. Barcon Corp.,* 197 Ariz. 286, 287, ¶ 3, 3 P.3d 1206, 1207 (App.2000); *Engel,* 221 Ariz. at 507–08, ¶ 4, 212 P.3d at 845–46.

■ ¶ 15 Based on our review of our supreme court's jurisprudence, however, we are persuaded that the court did not intend to limit the *Barassi* exception to the post-judgment context and also did not intend a literal application of the words "if no decision of the court could change." The supreme court itself has applied the *Barassi* exception in cases involving a notice of appeal filed after a minute entry but prior to a final judgment. *See McLaws v. Kruger,* 130 Ariz. 317, 318, 636 P.2d 95, 96 (1981); *Snell v. McCarty,* 130 Ariz. 315, 316–17, 636 P.2d 93, 94–95 (1981). *McLaws* and *Snell,* both issued on the same day as *Barassi,* have never been disapproved and, so far as we can tell, remain good law. Additionally, the supreme court in *Smith* favorably cited a court of appeals case with an analogous fact pattern, *Comeau v. Ariz. State Bd. of Dental Exam'rs,* 196 Ariz. 102, 993 P.2d 1066 (App. 1999), describing it as follows: "(notice filed after court issued unsigned minute entry, but before clerk entered the judgment)." *Smith,* 212 Ariz. at 415, ¶ 37, 132 P.3d at 1195.

¶ 16 *Smith, McLaws, Snell,* and *Comeau* demonstrate that a limited *Barassi* exception may be applied to certain notices of appeal filed after issuance of a minute entry but prior to entry of final judgment. And a literal application of the language from *Craig* and *Smith* limiting the *Barassi* exception to situations in which "no decision of the court could change" would largely eviscerate the exception. If the supreme court had intended such a result, we believe it would have said so.

■ ¶ 17 We conclude, therefore, that the *Barassi* exception still may breathe life into certain notices of appeal filed after a minute entry but prior to a final judgment. The next question is whether Baker's premature notice of appeal qualifies for the *Barassi* exception.

¶ 18 The cases dismissing appeals for lack of jurisdiction because the notices of appeal were premature contain a common feature. Specifically, these cases reveal the presence—when the notice of appeal is filed—of a pending motion for substantive relief or a pending issue requiring a discretionary judicial determination. *See Craig,* 227 Ariz. at 105, ¶ 2, 253 P.3d at 624 (pending motion for new trial and motion to amend the decree); *Smith,* 212 Ariz. at 415, ¶ 38, 132 P.3d at 1195 (pending motion for rehearing or review); *Fields,* 230 Ariz. at 415, ¶ 13, 286 P.3d at 164 (pending motion for attorneys' fees); *Ghadimi,* 230 Ariz. at 623, ¶ 13, 285 P.3d at 971 (pending determination of attorneys' fees); *Santee,* 229 Ariz. at 89–90, ¶¶ 7–8, 270 P.3d at 916–17 (pending Rule 68(g) motion);

*Engel,* 221 Ariz. at 509, ¶ 14, 212 P.3d at 847 (pending motion for new trial); *Baumann,* 180 Ariz. at 371, 884 P.2d at 257 (pending motion for new trial).

¶ 19 Accordingly, in ascertaining our jurisdiction in cases of premature appeals, we must determine whether there were substantive motions or issues awaiting determination at the time the premature notice of appeal is filed. If so, the ruling of the court could change and the remaining task of the court would not be merely ministerial and, therefore, the premature notice of appeal would be "ineffective" and a "nullity" under *Craig.* See *Craig,* 227 Ariz. at 107, ¶ 13, 253 P.3d at 626. On the other hand, if the ruling preceding the notice of appeal is a final decision, no substantive motions or issues are pending and none are filed thereafter, and the trial court merely enters a formal judgment consistent with its prior unsigned ruling, the limited *Barassi* exception will likely apply. The latter category describes the fact pattern here, and Baker's premature notice of appeal fits squarely within the *Barassi* exception.

¶ 20 The April 22 minute entry represents a final decision on the merits in light of the final judgment resolving all claims involving Bradley and Basurto. The minute entry grants Bradley and Basurto's motion to dismiss Baker's claims and explains the court's ruling. There were no other pending substantive issues to be decided, and no additional substantive rulings by the court.

¶ 21 We have considered whether the inclusion of Reeder as a third defendant in the complaint renders Baker's premature notice of appeal "ineffective" and a "nullity" under *Craig* because the April 22 minute entry was not final and could be changed. We conclude on this record that the April 22 minute entry is a final decision under the *Craig/Smith/Barassi* framework. When Baker filed his notice of appeal on May 12, six days remained for him to serve Reeder. The record reveals no evidence Reeder was ever served, nor did she appear in the action. Although the April 22 minute entry did not address Baker's claims against Reeder, the ruling was a final decision on the issues because Reeder was not served and was not

a "party" for these purposes at that time or any time thereafter. In the context of judgments, it is established that a judgment resolving all claims between the participating parties will be final and appealable, without Rule 54(b) language, even though it does not adjudicate claims against unserved parties who have not appeared in the action. *See McHazlett v. Otis Eng'g Corp.,* 133 Ariz. 530, 532, 652 P.2d 1377, 1379 (1982) (holding unserved defendants are not "parties," within the meaning of the Rules); *Simon v. Maricopa Med. Ctr.,* 225 Ariz. 55, 58 n. 5, ¶ 7, 234 P.3d 623, 626 n.5 (App.2010) (same); *Comerica Bank v. Mahmoodi,* 224 Ariz. 289, 291 n. 2, ¶ 11, 229 P.3d 1031, 1033 n. 2 (App.2010) (same).

¶ 22 In *McHazlett,* our supreme court agreed with several federal courts construing Federal Rule 54(b) (upon which Arizona's Rule 54(b) is based) and several state courts construing similar rules in holding that the "better view" is that "unserved 'parties' are not 'parties' within the rules." 133 Ariz. at 532, 652 P.2d at 1379; *see also Cooper v. Pickett,* 137 F.3d 616, 621–22 (9th Cir.1997) (holding an order is final for purposes of appeal if it dismisses all served defendants); *Fed. Sav. & Loan Ins. v. Tullos–Pierremont,* 894 F.2d 1469, 1472–76 (5th Cir.1990) (finding judgment rendered regarding all served defendants is final although unserved parties remain); *Insinga v. LaBella,* 817 F.2d 1469, 1470 (11th Cir.1987) (same); *Universal Premium Acceptance Corp. v. Pat City Livery, Inc.,* 34 Kan.App.2d 37, 115 P.3d 769, 770 (2005) (holding a judgment is final when it resolves all claims involving the served parties); *Turner v. Kight,* 406 Md. 167, 957 A.2d 984, 987 n. 3 (2008) (explaining that a judgment is final if it "disposes of all claims against all persons over whom the court has acquired jurisdiction"); *Rae v. All Am. Life and Cas. Co.,* 95 Nev. 920, 605 P.2d 196, 197 (1979) (observing that "[i]t is widely accepted that an individual named as a co-defendant is not a party unless he has been served."); *contra LCA Leasing Corp. v. Bolivar Prof'l Pharmacy, Inc.,* 901 S.W.2d 342, 343 (Mo.Ct. App.1995) (holding a final judgment "must be a disposition of claims against all parties, even those unserved"); *York v. Performance*

*Auto, Inc.,* 264 P.3d 212, 214–15 (Utah Ct. App.2011) (declining appellate review until an order concludes the litigation regarding all litigants including unserved defendants).

¶ 23 Because Reeder had not appeared or been served, the trial court had not acquired personal jurisdiction over her and she was not a "party" under our rules at the time of the April 22 minute entry. There is no evidence she was served between April 22 and May 18, and she did not appear in the action. Accordingly, the April 22 minute entry constituted a "final decision" resolving the issues between the participating parties.

¶ 24 Similarly, when Baker filed his notice of appeal on May 12, no substantive motions or issues were awaiting determination and no such motions or issues were raised thereafter. Reeder remained only a potential party. Bradley and Basurto did not present a claim for attorneys' fees, and on May 17 they filed a proposed form of judgment that did not address attorneys' fees.

¶ 25 Our dissenting colleague correctly points out that it was possible for Baker to have served Reeder by May 18, the last day to serve her without a further extension. That possibility, however, does not constitute a pending substantive motion or issue, as existed in the cases cited in ¶ 18 above. No substantive issue or motion was pending at the time of the April 22 minute entry or the May 12 notice of appeal. Based on the record before us, there was no reason to expect that Reeder would be served or that she would voluntarily appear at that point. And Reeder was not a "party" to the action because she had not appeared or been served. It is preferable in our view to determine jurisdiction based on what actually happened, rather than on what might have happened.

¶ 26 Additionally, the June 10 judgment is consistent with the April 22 minute entry, and entry of the judgment appears to have been a ministerial act. Although Baker did not file a new or amended notice of appeal thereafter, Bradley and Basurto were aware that Baker intended to appeal the substantive ruling in the April 22 minute entry, and they were not prejudiced by the prematurity of the notice of appeal. *See Barassi,* 130 Ariz. at 422, 636 P.2d at 1204.

¶ 27 We also note that some premature notices of appeal result in disruption of the trial process, confusion over which court—trial or appellate—has jurisdiction, and overall inefficiency. *See Barassi,* 130 Ariz. at 421, 636 P.2d at 1203; *Craig,* 227 Ariz. at 106, ¶ 9, 253 P.3d at 625. Baker's notice of appeal, however, did not cause any disruption in the trial court or confusion over which court had jurisdiction.

## CONCLUSION

¶ 28 For these reasons, the *Barassi* exception applies to Baker's premature notice of appeal, and the notice is therefore effective to vest appellate jurisdiction in our court. Because this court has jurisdiction over this appeal, the Clerk of this court is directed to place this appeal on the calendar for a determination on the merits of the appeal.

CONCURRING: PHILIP HALL, Judge.

OROZOCO, Judge, dissenting.

¶ 29 I respectfully dissent. I find that Baker's premature notice of appeal was ineffective and a nullity under *Craig* and *Smith* because there were unresolved issues at the time Baker filed his notice of appeal.

¶ 30 The *Barassi* exception, as it has been applied and interpreted in subsequent supreme court cases, does not apply to Baker's notice of appeal. *See Craig,* 227 Ariz. at 107, ¶ 13, 253 P.3d at 626; *Smith,* 212 Ariz. at 415, ¶ 37, 132 P.3d at 1195. In *Craig,* our supreme court explained that the *Barassi* exception is limited to situations in which a notice of appeal is filed "after the trial court has made its final decision, but before it has entered a formal judgment, if no decision of the court could change and the only remaining task is merely ministerial." *Id.* at 107, ¶ 13, 253 P.3d at 626 (quoting *Smith,* 212 Ariz. at 415, ¶ 37, 132 P.3d at 1195). "In *all* other cases, a notice of appeal filed in the absence of a final judgment, or while any party's time-extending motion is pending before the trial court, is 'ineffective' and a nullity." *Craig,* 227 Ariz. at 107, ¶ 13, 253 P.3d at 626; *see also* Black's Law Dictionary

1095 (7th ed. 1999) (defining "nullity" as "[s]omething that is legally void").

¶ 31 In accordance with *Craig* and *Smith,* the pertinent question here is whether the superior court, in its April 22, 2011 minute entry, had issued a "final decision" such that "no decision of the court could change." 227 Ariz. at 107, ¶ 13, 253 P.3d at 626. A straightforward reading of *Craig* prohibits the application of the *Barassi* exception if there are unresolved issues that could change the court's decision expressed in the minute entry. *Craig* requires this determination to be made at the time of the minute entry.

¶ 32 The decision set forth in the unsigned minute entry was not final and could have changed. When the court issued its minute entry on April 22, Baker still had until May 18 to serve the additional defendant, Reeder. Although Reeder was apparently never served, the fact that she could have been served after April 22 necessarily means that the decision expressed in the April 22 minute entry could have changed. The majority relies in part on the fact that Baker missed the May 18 deadline to serve Reeder. This is irrelevant, because at the time Baker filed his notice of appeal on May 12, he could have served Reeder. This possibility means the final decision could change and Baker's notice of appeal made in the absence of a final judgment is a nullity under *Craig.*

¶ 33 Regarding the unserved defendant, I also disagree with the majority that our supreme court's analysis in *McHazlett* supports the finding that the April 22 minute entry was a final decision that could not change. The facts and applicable legal principles in *McHazlett* are distinguishable from the present case. In *McHazlett,* after three years of litigation, the superior court entered an order—evidently *signed*—dismissing the case. 133 Ariz. at 532, 652 P.2d at 1379. The court reasoned that it was clear during the long three year litigation that plaintiff made no attempt to serve the other defendants, five of which were fictitious defendants. *Id.* Conversely, in this case, the superior court entered an *unsigned* minute entry dismissing two of the three parties. In Baker's complaint, he made specific claims against each party, who are all real individuals. The court's minute entry was issued six months, not three years, after Baker filed his complaint.

¶ 34 More importantly, the record reveals Baker intended to proceed with his claims against Reeder. Baker obtained an extension of time until May 18 to accomplish service of process, and in March 2011 he sought and obtained permission to serve Reeder by publication. Baker could have served Reeder after the April 22 minute entry and even after filing his notice of appeal. Moreover, in his response to the motion to dismiss, Baker addressed his claims against Reeder. In their reply in support of their motion to dismiss, Bradley and Basurto noted they were not addressing Baker's claims against Reeder because they had no authority to represent Reeder's interest in the action. I conclude on this record that the reasoning in *McHazlett*—that those unserved named defendants were not parties for purposes of Rule 54(b)—does not apply in the present case. Here, there was a possibility of piecemeal appeals if Reeder had been served. Furthermore, the precise question here is not simply whether Reeder should be considered a party but, rather, whether the substantive ruling of the superior court in its April 22 unsigned minute entry could change before entry of a final judgment.

¶ 35 Because the April 22 minute entry was unsigned and could have been changed or supplemented, it was not final by the time Baker's notice of appeal was filed. When Baker filed his notice of appeal on May 12, 2011, a final judgment had not been entered and there was still time to serve process on Reeder. Accordingly, the *Barassi* exception does not apply and Baker's premature notice of appeal is ineffective and a nullity under *Craig* and *Smith.* To invoke our appellate jurisdiction, Baker needed to file a new or amended notice of appeal after the June 10 entry of the judgment. He did not do so.

¶ 36 Because I believe we should dismiss this appeal for lack of jurisdiction, I respectfully dissent.