NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

JOSHUA S. BARKLEY, *Plaintiff/Appellant/Cross-Appellee*,

*v.*

INDEPENDENT CERTIFIED EMERGENCY PROFESSIONALS OF
ARIZONA, LOCAL #1, *Defendant/Appellee/Cross-Appellant*.

No. 1 CA-CV 17-0772
FILED 12-27-2018

———————————————

Appeal from the Superior Court in Maricopa County
No.  CV2015-091339
The Honorable David K. Udall, Judge

**AFFIRMED**

———————————————

COUNSEL

Joshua S. Barkley, Tempe
*Plaintiff/Appellant/Cross-Appellee*

Aiken, Schenk, Hawkins & Ricciardi PC, Phoenix
By Michael J. Petitti, Jr., Natalie Virden
*Counsel for Defendant/Appellee/Cross-Appellant*

———————————————

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which
Presiding Judge James P. Beene and Judge James B. Morse Jr. joined.

———————————————

**B R O W N**, Judge:

¶1        Joshua S. Barkley appeals the superior court's summary judgment in favor of the Independent Certified Emergency Professionals of Arizona, Local #1 ("ICEP") on his claims for breach of contract and unjust enrichment.  ICEP cross-appeals the court's denial of its request for attorneys' fees.  For the following reasons, we affirm.

## BACKGROUND

¶2        Barkley is the founder of ICEP, a labor union representing employees of Professional Medical Transport, Inc. ("Employer").  He served as ICEP President from 2006 through 2015.

¶3        In 2014, the United States Department of Labor filed a complaint against ICEP in United States District Court, resulting in a default judgment directing ICEP to conduct a supervised election of officers. *See generally* Default Judgment, *Perez v. Local 1, Indep. Certified Emergency Prof'ls*, No. 2:14-CV-01723-NVW (D. Ariz. Dec. 3, 2014) ECF No. 40.  Following entry of the judgment, ICEP conducted an election on March 5, 2015.  Barkley was not elected as an officer.

¶4        After the election, Barkley sued ICEP in superior court. Barkley's September 2015 amended complaint asserted claims for breach of contract and unjust enrichment based on allegations that he had an "ongoing agreement" with ICEP members and the executive board that ICEP would reimburse him from future union dues for financial losses he sustained in financing and representing ICEP during his time as union president.

¶5        Barkley moved for summary judgment, claiming ICEP had been terminated and thus all actions by ICEP and its attorneys were void. The superior court denied his motion.[1] ICEP then moved for summary judgment, arguing the alleged contract was unenforceable and Barkley failed to prove a right to restitution.

¶6        Following oral argument, the superior court granted summary judgment in favor of ICEP and dismissed the case with prejudice.

---

[1]        The superior court also denied Barkley's second motion for summary judgment. On appeal, Barkley only challenges the denial of his first motion.

After the court issued a final judgment awarding costs to ICEP but denying its request for attorneys' fees, both parties timely appealed.

## DISCUSSION

**¶7** An appellate brief "must present and address significant arguments, supported by authority that set forth the appellant's position on the issue in question." *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (citations omitted). Appellate arguments must include "citations of legal authorities and appropriate references to the . . . record." ARCAP 13(a)(7). In his opening brief, Barkley attempts to raise numerous issues, but provides insufficient argument and authority for many of the issues he raises. For example, Barkley mentions the denial of his application for default, his motion to amend the complaint, and his motion to compel. Those issues, and others that are not supported by any meaningful argument, are waived. *See Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996) (explaining that issues not adequately argued in an appellate brief are waived).

## I. Summary Judgment

### A. ICEP's Motion

**¶8** The superior court concluded that no valid contract existed and granted summary judgment in favor of ICEP. Summary judgment is appropriate when the moving party establishes "there is no genuine dispute as to any material fact" and the party is "entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). As an appellate court, we review the superior court's grant of summary judgment de novo "viewing the facts in the light most favorable to the party against whom judgment was entered." *First Am. Title Ins. Co. v. Johnson Bank*, 239 Ariz. 348, 350, ¶ 8 (2016) (citations omitted).

**¶9** "[F]or an enforceable contract to exist there must be an offer, an acceptance, consideration, and sufficient specification of terms so that the obligations involved can be ascertained." *Savoca Masonry Co. v. Homes & Son Const. Co.*, 112 Ariz. 392, 394 (1975). In moving for summary judgment, ICEP presented evidence that the alleged oral contract lacked clear and definite terms. Specifically, ICEP attached excerpts from Barkley's deposition reflecting that the contract's obligation and payment terms were vague and undefined. ICEP also attached nine sworn declarations denying the existence of a contract.

**¶10** A party opposing summary judgment must "by affidavits or as otherwise provided in this rule, set forth specific facts showing a genuine issue for trial." Ariz. R. Civ. P. 56(e). In responding to ICEP's motion, Barkley failed to present controverting evidence that a contract existed and that the alleged contract had clear and definite terms. Accordingly, the superior court properly granted summary judgment in favor of ICEP on Barkley's breach of contract claim.

**¶11** The superior court also granted ICEP summary judgment on Barkley's unjust enrichment claim. A party is unjustly enriched when he or she "retains money or benefits which in justice and equity belong to another." *City of Sierra Vista v. Cochise Enters., Inc.*, 144 Ariz. 375, 381 (App. 1984) (citation omitted). To establish unjust enrichment, a plaintiff must show "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment and (5) an absence of a remedy provided by law." *Id.* (citation omitted).

**¶12** Barkley claimed that ICEP was unjustly enriched by his work as union president, which resulted in two National Labor Relations Board ("NLRB") awards of $1,093,382.02 in backpay and $97,958.78 in health benefits. In moving for summary judgment, however, ICEP established that ICEP itself never received any of that money. Instead, ICEP presented evidence showing that the Employer was obligated to pay these awards to "individual, aggrieved employees as a result of the Employer's unfair labor practices." Barkley did not dispute that the funds were paid directly to union members through individual checks to each member.

**¶13** In responding to ICEP's motion, Barkley suggested, without supporting authority or evidence, that the union is "the members" because they pay dues to the union. The party opposing a motion for summary judgment cannot rest on conclusory allegations. *Florez v. Sargeant*, 185 Ariz. 521, 526 (1996) ("Self-serving assertions without factual support in the record will not defeat a motion for summary judgment.") (citation omitted). Accordingly, the superior court properly granted summary judgment in favor of ICEP on Barkley's unjust enrichment claim.

## B. Barkley's Motion

**¶14** The superior court denied Barkley's motion for summary judgment, which asserted that ICEP's elected officers were not certified and thus lacked authority to operate the union or to retain counsel to represent the union.

**¶15**        In a breach of contract case, "the plaintiff bears the burden of proving the existence of a contract, breach of the contract, and resulting damages." *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170, ¶ 30 (App. 2004). To establish a claim for unjust enrichment, a plaintiff must prove the five elements set forth above. *See supra* ¶ 11. To prevail on summary judgment, Barkley had to demonstrate how the evidence entitled him to judgment as a matter of law on at least one of his claims. *See Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 16 (App. 2012) (explaining that a motion for summary judgment does not shift that burden of proof to the defendant). Barkley's motion did not include any evidence supporting the elements of breach of contract or unjust enrichment. He did not file a separate statement of facts or attach affidavits, other than his own, to support his motion; instead, he focused on the result of the federal district court-ordered election. *See* Ariz. R. Civ. P. 56(c)(3)(A). The superior court did not err in denying the motion.

**¶16**        Barkley also argues the summary judgment ruling violates due process because it deprived him of his constitutional right to trial by jury. *See Cagle v. Carlson*, 146 Ariz. 292, 297–98 (App. 1985); *Gurr v. Willcutt*, 146 Ariz. 575, 580–81 (App. 1985). However, "the granting of summary judgment does not deprive a plaintiff of his constitutional rights to a jury trial because, in such cases, there are simply no genuine issues of fact for a jury to consider." *Cagle*, 146 Ariz. at 298.

## II.        Injunctive Relief

**¶17**        Barkley argues the superior court erred in denying his request for a preliminary injunction. Several weeks after the election of officers, ICEP held another election to consider merging with a larger, international union, the International Associations of EMTs and Paramedics. Barkley filed a request for a preliminary injunction the day the election took place to enjoin ICEP from holding what he characterized as an "illegal election." ICEP did not respond to the request for a preliminary injunction. The superior court denied Barkley's request.[2]

**¶18**        Although not raised by ICEP, we have an independent duty to decide whether we have jurisdiction over an appeal. *Baker v. Bradley*, 231 Ariz. 475, 478, ¶ 8 (App. 2013). Generally, only final judgments are

---

[2]        In September 2015, Barkley filed a second request for injunctive relief to stop ICEP from adopting a collective bargaining agreement. The superior court also denied that request. Barkley appeals only the denial of his first request for a preliminary injunction.

appealable, *Ghadimi v. Soraya*, 230 Ariz. 621, 622, ¶ 7 (App. 2012); however, Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(5)(b) provides an exception to the general rule, permitting an appeal from an order "refusing to grant or dissolve an injunction." Thus, the denial of a preliminary injunction may be immediately appealed under this section. *See Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 430, ¶¶ 18–19 (App. 2016).

**¶19** The timely filing of a notice of appeal is a prerequisite to our exercise of appellate jurisdiction. *Santee v. Mesa Airlines, Inc.*, 229 Ariz. 88, 89, ¶ 3 (App. 2012). Arizona Rule of Civil Appellate Procedure 9(a) provides that a notice of appeal must be filed "no later than 30 days after entry of the judgment from which the appeal is taken." A judgment includes a signed minute entry. Ariz. R. Civ. P. 58(b)(2)(A). Barkley applied for a preliminary injunction on March 24, 2015. Two days later, the superior court issued a signed minute entry denying Barkley's application for a preliminary injunction. The minute entry was immediately appealable under A.R.S. § 12-2101(A)(5)(b), but Barkley did not appeal the court's denial of his application for a preliminary injunction until November 22, 2017. We therefore lack jurisdiction to consider Barkley's challenge to the court's denial of his request for a preliminary injunction.

### III. Denial of Attorneys' Fees

**¶20** After the superior court granted summary judgment, ICEP requested attorneys' fees pursuant to A.R.S. § 12-341.01. The superior court denied its request. On appeal, ICEP argues the denial of fees "was arbitrary and lacked any reasonable basis."

**¶21** Section 12-341.01(A) authorizes a court to award attorneys' fees to the successful party in a contested action arising from contract. The superior court has broad discretion in deciding whether to award fees under the statute. *See Assoc. Indem. Corp. v. Warner*, 143 Ariz. 567, 570–71 (1985) (quoting *Davis v. Davis*, 78 Ariz. 174, 179 (1954) ("[T]he question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason. We cannot substitute our discretion for that of the trial judge.").

**¶22** Additionally, we will affirm the denial of fees under § 12–341.01 if there is "any reasonable basis" for the denial in the record, even if the court "gave no reasons for denying the request." *Tucson Estates Prop. Owners Ass'n, Inc. v. McGovern*, 239 Ariz. 52, 56, ¶ 12 (App. 2016). In exercising its discretion, the superior court should consider all relevant

factors, including those identified in *Warner*, which are (1) the merits of the claims, (2) whether the lawsuit could have been settled, (3) whether a fee award would cause "an extreme hardship," (4) whether the successful party prevailed completely, (5) the novelty of the legal questions, and (6) whether a fee award would discourage others with legitimate claims. 143 Ariz. at 570 (citation omitted). And although not required by the statute, "it is the better practice to have a record which reflects the justification for the trial court's denial of fees." *Id*.

**¶23**     Here, the superior court denied ICEP's request for fees without explanation. Accordingly, we have reviewed the record to determine if a reasonable basis exists for the denial. *See Grand Real Estate, Inc. v. Sirignano*, 139 Ariz. 8, 14–15 (App. 1983). Barkley's response to ICEP's fee application asserts that awarding ICEP attorneys' fees would discourage other union members from bringing claims against ICEP. Unlike *Grand Real Estate*, where the record was "devoid of reference to any of the possible underlying reasons for the trial court's denial of the [defendant's] motion for an award of attorneys' fees," 139 Ariz. at 14, the record here provides a reasonable basis upon which the superior court could have denied fees.

## CONCLUSION

**¶24**     We affirm the superior court's grant of summary judgment and the court's denial of ICEP's request for attorneys' fees. As the prevailing party on appeal, we award taxable costs to ICEP; we also grant ICEP's request for reasonable attorneys' fees incurred on appeal under § 12-341.01(A), subject to compliance with Arizona Rules of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA

7