NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

DANIEL RYCHLIK, *Petitioner/Appellant,*

*v.*

GABRIELLE ANN SODERGREN, *Respondent/Appellee.*

PARKER SCHWARTZ, PLLC, *Intervenor/Appellee.*

No. 1 CA-CV 15-0630 FC
FILED 3-19-2020

Appeal from the Superior Court in Maricopa County
No. FC2011-090965
The Honorable Joseph Sciarrotta, Judge (Retired)

**AFFIRMED**

COUNSEL

Katz & Bloom, P.L.C., Phoenix
By Jay R. Bloom
*Counsel for Petitioner/Appellant*

The Law Offices of Kyle A. Kinney, Scottsdale
By Kyle A. Kinney
*Counsel for Respondent/Appellee*

Parker Schwartz, PLLC, Phoenix
By Iva S. Hirsch and Lawrence D. Hirsch
*Counsel for Intervenor/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Kent E. Cattani and Chief Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

**¶1** Daniel Rychlik ("Father") appeals from the superior court's judgment for attorneys' fees and costs entered on July 23, 2015. Additionally, Father seeks to impose sanctions on Gabrielle Ann Sodergren ("Mother") for her failure to comply with court orders. For the following reasons, we affirm the award of attorneys' fees and costs to Mother, and we impose sanctions on Mother for her failure to comply with court orders.

### FACTS AND PROCEDURAL HISTORY

**¶2** Father and Mother divorced, and a Decree of Dissolution was entered in December 2011, awarding the parties joint legal custody of their four minor children. The parents were awarded equal parenting time.

**¶3** The following year, Father relocated to Virginia and sought to relocate the children. Mother objected, and the court ultimately denied Father's request to relocate the children. Given Father's relocation, the court modified the parties' parenting-time schedule so that the children primarily resided with Mother in Arizona, but winter break, spring break, summer break, and other holidays were divided between Father and Mother. Father was also allowed "liberal parenting time" when he was in the Phoenix area.

**¶4** Shortly after, Mother notified Father that she wished to relocate with the children to Illinois. Father filed a Petition to Prevent Relocation, requesting in part that the court prohibit the children from relocating to Illinois and that it order the children relocate to Virginia.

¶5        One year later, and prior to disposition of Father's petition, Father filed an Emergency Petition for Temporary Orders Without Notice Re: Legal Decision Making and Parenting Time.  Father incorporated by reference the allegations contained in his Petition to Prevent Relocation and further requested sole legal decision-making authority, relocation of the children to Virginia, and a temporary order designating Father as the primary residential parent and granting Mother supervised parenting time.  The court held an initial hearing and granted Father's request for temporary orders, allowing the children to relocate to Virginia until an extended evidentiary hearing was held.

¶6        Following the evidentiary hearing, the court denied Father's Emergency Petition for Temporary Orders.  Although the court identified the April 2015 minute entry as temporary orders and ordered further proceedings to occur, it issued the orders in a signed minute entry with a certification of finality pursuant to Arizona Rule of Family Law Procedure ("Rule") 78(b).  In the order, the court additionally granted Mother's requested attorneys' fees and costs, directing her to submit a proper application.  The court subsequently entered a signed judgment in July 2015 awarding Mother $57,294 in attorneys' fees and costs.

¶7        Father filed a Notice of Appeal, appealing the judgment for attorneys' fees and costs awarded to Mother.  This court dismissed the appeal as premature, finding the order underlying the attorneys' fees and costs judgment was a temporary order and thus not final and appealable.

¶8        Mother withdrew her request to relocate the children to Illinois and Father filed a Motion for Summary Judgment Re: Petition to Prevent Relocation.  On September 25, 2015, the court issued an order granting Father's Motion for Summary Judgment and prohibiting Mother from relocating the children to Illinois as requested in Father's Petition to Prevent Relocation ("the September 2015 order").  The court additionally entered a signed judgment awarding Father $17,181.10 in attorneys' fees and costs.

¶9        After Father's Motion for Summary Judgment was granted, we reinstated Father's appeal[1] from the judgment for attorneys' fees and costs awarded to Mother, the April 2015 temporary orders, and held

---

[1]        This appeal was automatically stayed from December 15, 2016, until July 9, 2019, due to Mother's bankruptcy proceedings.  Following the stay, Parker Schwartz, PLLC intervened as the real party in interest.

Father's Notice of Appeal became effective the date his Petition to Prevent Relocation was resolved. *See* ARCAP 9(c).

**DISCUSSION**

I.     Jurisdiction

¶10        This court has an independent duty to consider whether it has jurisdiction over an appeal and, if it does not, we must dismiss the appeal. *Baker v. Bradley*, 231 Ariz. 475, 478-79, ¶ 8 (App. 2013).  Our jurisdiction is limited by statute, and we do not have authority to consider an appeal over which we do not have jurisdiction.  *Id.*

¶11        When Father first filed his appeal regarding the award of attorneys' fees and costs, we found that the April 2015 order was a temporary order and thus not final and appealable, because the matter of his Petition to Prevent Relocation had not yet been ruled on.  We relied then, as we do now, on *Villares v. Pineda*, 217 Ariz. 623, 624-25, ¶¶ 10-11 (App. 2008), for the proposition that temporary orders are not appealable because they are preparatory in nature.

¶12        The fact that the superior court included Rule 78(b) language in its April 2015 orders does not change the result here, because the issues Father raised in his Petition to Prevent Relocation and his Emergency Petition for Temporary Orders were not clearly separate and distinct from one another.  *See Cont'l Cas. v. Superior Court*, 130 Ariz. 189, 191 (1981) (discussing the appropriateness of including Rule 54(b) language when there are multiple claims).  Insofar as issues regarding relocation were concerned, the April 2015 orders were temporary in nature.  Once the court ruled on Father's Petition to Prevent Relocation, his appeal was reinstated. We now have jurisdiction to address this appeal pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).

II.     The April 2015 Judgment of Attorneys' Fees and Costs

¶13        Father argues that the judgment awarding attorneys' fees and costs to Mother following the temporary orders hearing is void because it was superseded by the final judgment of attorneys' fees and costs to Father.

¶14        "Temporary orders signed by the court and filed by the clerk are enforceable as final orders but terminate and are unenforceable upon dismissal of the action, or following entry of a final decree, judgment, or order, **unless that final decree, judgment, or order provides otherwise**." Ariz. R. Fam. Law P. 47(j)(1) (emphasis added); *see also* A.R.S. § 25-315(F).

¶15        The court's orders bearing upon issues of legal decision-making authority, parenting time and support, were temporary in nature and the court's signed minute entry so reflects.  In fact, in its signed minute entry the court explicitly and exclusively identified those three issues as the ones to be decided on a temporary basis.  The court stated, "Temporary Orders are entered on an interim basis to provide for the orderly administration of issues bearing upon legal decision-making, parenting time and support."

¶16        Attorneys' fees and costs ordered in the April 2015 orders, however, were not identified therein as one of the issues decided on a temporary basis, and nothing in that order, or subsequent thereto, suggests otherwise.  To the contrary, the superior court, by identifying the issues that were decided on a temporary basis, also identified its orders regarding attorneys' fees and costs as permanent.  In addition, the court's use of Rule 78(b) language further supports the proposition that it intended to give finality to a portion of the April 2015 orders.  The facts of this case fall squarely within the exception recognized in Rule 47(j)(1), allowing the court to provide that certain orders contained in an otherwise temporary ruling remain in effect beyond entry of a subsequent final decree, judgement, or other order.  Ariz. R. Fam. Law P. 47(j)(1).  The April 2015 orders awarding Mother her attorneys' fees and costs were not superseded by the September 2015 orders disposing of Father's Petition to Prevent Relocation.

III.    Mother's Attorneys' Fees and Costs Application and Affidavit

¶17        Father argues that the superior court abused its discretion by awarding Mother attorneys' fees and costs based on an application and affidavit that failed to meet applicable standards.  Father argues the application included impermissible billing for services not relevant to the proceedings at issue, high billing rates, and "block-billing."  "When reviewing a discretionary award of attorneys' fees, this Court will reverse only for an abuse of discretion."  *Phoenix Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 243 (App. 1997).  "[W]e defer to the court's factual findings so long as there is competent evidence to support them."  *Quijada v. Quijada*, 246 Ariz. 217, 222, ¶ 13 (App. 2019).

¶18        The superior court awarded attorneys' fees and costs to Mother pursuant to A.R.S. § 25-324.  Section 25-324(A) permits an award of fees and costs if appropriate "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings."  The superior court awarded attorneys' fees and costs of $57,294 to Mother based on both substantial disparity of

financial resources and the unreasonableness of Father's positions. The trial court made detailed findings supporting its conclusion that Father acted unreasonably in the litigation associated with the Emergency Petition for Temporary Orders, and the record supports those findings.

¶19        Mother was charged for the work of three attorneys, including one who represented Mother in a limited-scope capacity: Iva Hirsch, Mark Candioto, and Steven Feola. A paralegal also billed Mother for work completed. Although Father claims Mark Candioto is a paralegal, he is a licensed Arizona attorney. Iva Hirsch charged Mother at the rate of $400 per hour, Mark Candioto charged at $325 per hour, and Steven Feola entered into a flat fee arrangement of $6,000 with Mother. The paralegal, Andrea Marshall, completed work at the rate of $150 per hour. Father fails to explain how these rates are unreasonable and "exorbitant" compared to customary billing rates in the community. *See Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 187-88 (App. 1983).

¶20        Additionally, Mother's time reports include the tasks completed, the attorney that completed the tasks, the date the tasks were completed, and the amount of time spent on the tasks. While Father contends the billing sheets and time reports suffer from numerous deficiencies, such as "block-billing," inclusion of "unnecessary motions," "vague" descriptions of tasks, or multiple entries for the same task, even if this were true, this does not demonstrate the court abused its discretion. *See RS Indus., Inc. v. Candrian*, 240 Ariz. 132, 138, ¶ 21 (App. 2016) (finding that though it may be better practice to avoid block-billing, "no Arizona authority holds that a court abuses its discretion by awarding fees that have been block-billed"); *see also Schweiger*, 138 Ariz. at 188 (finding that there is sufficient detail in a billing report if counsel indicates "the type of legal services provided, the date the service was provided, the attorney providing the service . . . and the time spent in providing the service"). Father also does not clearly identify each of the tasks he believes to be unreasonable, too vague, unnecessary, or duplicative.

¶21        Finally, the temporary orders hearing in this case was complex and required many hours of work in preparation for it. The hearing was held approximately nine months from the date of the parties' July 2014 stipulation (at issue in the temporary orders proceedings) and involved litigation over the results of a mental health examination of Mother and on whether Mother should maintain custody of her children or whether the children should be relocated out of state and into Father's custody. At least four medical experts were retained and opined on the issue of Mother's parenting abilities. A parenting coordinator was

appointed. Both parties filed multiple motions, notices, and requests related to, and leading up to, the temporary orders hearing. Accordingly, we find no abuse of the court's discretion. *See Medlin v. Medlin*, 194 Ariz. 306, 309, ¶ 17 (App. 1999).

IV.     Sanctions Request

**¶22**     Father additionally requests sanctions be imposed upon Mother for her failure to comply with this court's orders. During the stay of this appeal, this court ordered Mother to file status reports concerning her bankruptcy proceedings. Mother failed to comply with two orders directing her to file the status reports, and this court ordered Father to file a status report and to advise the court whether to impose sanctions against Mother. Father filed the status report and a request for sanctions, and Mother did not file a response.

**¶23**     Under Arizona Rule of Civil Appellate Procedure 25, this court "may impose sanctions on an attorney or a party for a violation" of this court's rules. In the exercise of our discretion, this court grants Father's request and imposes sanctions on Mother in the amount of Father's attorneys' fees and costs incurred in filing the bankruptcy status report, filed July 23, 2018.

**CONCLUSION**

**¶24**     For the foregoing reasons, we affirm the award of attorneys' fees and costs to Mother. Both parties request their attorneys' fees and costs on appeal. In the exercise of our discretion, we decline both parties' requests, though as an imposition of sanctions against Mother, pursuant to Arizona Rule of Civil Appellate Procedure 25, we award Father his attorneys' fees and costs incurred in filing the bankruptcy status report Mother was originally ordered to file.



AMY M. WOOD • Clerk of the Court
FILED:  AA